UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/07
```

NEIL L. SCLATER-BOOTH, Individually )
and On Behalf of All Others Similarly )
Situated, )
 )
 )
                    Plaintiff, )
 )      Civil Action No. 07-CV-3476 (GEL)
         v. )
 )
SCOR, S.A., and PATINEX AG, )
 )
                    Defendants. )

### SCHEDULING ORDER CONCERNING
### NOTICE AND HEARING ON SETTLEMENT

**WHEREAS**, all parties to the above-captioned action (the "Action"), pursuant to Fed. R. Civ. P. 23(e), have submitted to this Court a Stipulation and Agreement of Settlement, dated May 25, 2007 (the "Stipulation"), and the parties having applied for an Order and Final Judgment (the "Order and Final Judgment") in connection with the proposed settlement of the Action and for the dismissal of the Action with prejudice, and upon the terms and conditions set forth in the Stipulation,

**IT IS HEREBY ORDERED**, this 13th day of November, 2007, upon application of the parties, as follows:

1. Except as otherwise provided herein, the Court incorporates by reference the definitions contained in the Stipulation.

2. Subject to further consideration by the Court, the Action is preliminarily certified as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(1) and 23(b)(2) on behalf of a class consisting of all United States persons holding shares of Converium Holding AG ("Converium") and holders of Converium's American Depository Shares

(the "Class"). Excluded from the Class are Defendants and their affiliates, successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate or remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them.

3. The Court finds that, for purposes of settlement only, Plaintiff is an adequate representative of the Class.

4. For purposes of settlement only, the Court designates counsel for Plaintiff as Co-Lead Counsel for the Class.

5. A hearing (the "Settlement Hearing") shall be held on February 8, 2008, at 9:30 a.m. in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007 (the "Court"):

    a. to approve the form of Notice of Pendency of Class Action, Proposed Settlement of Class Action, Settlement Hearing, and Right to Appear (the "Notice"), substantially in the form of the Notice submitted herewith as Exhibit A;

    b. to certify the Class and Plaintiff as representative of the Class;

    c. to determine finally whether the proposed Settlement is fair, reasonable and adequate and in the best interests of the Class and whether the Stipulation and the Settlement should be finally approved by the Court pursuant to Fed. R. Civ. P. 23(e), and whether an Order and Final Judgment should be entered thereon dismissing the Action with prejudice and extinguishing and releasing any and all Settled Claims (as defined in the Stipulation of Settlement);

    d. to hear and determine any objections to the Settlement;

      e.    in the event the Court approves the Settlement, to determine whether to grant Plaintiff's application for an award of attorneys' fees and expenses, as set forth in the Stipulation; and

      f.    to rule upon such other matters as the Court may deem necessary or appropriate.

      6.    The Court preliminarily approves the Stipulation and the Settlement set forth therein. However, the Court reserves (i) the right to finally approve the Settlement, with such modifications as may be agreed to by counsel for the Settling Parties consistent with such Settlement, without further notice to Class Members; and (ii) the right to continue or adjourn the Settlement Hearing from time to time, by oral announcement at the hearing or at any adjournment thereof, without further notice to Class Members.

      7.    Plaintiff's Counsel shall submit any briefs, affidavits, papers, and any other documentation in support of Settlement approval ~~five (5) days before the Settlement Hearing~~ *by February 4, 2008*.

      8.    The Court approves the form and substance of the "Notice of Pendency of Class Action, Proposed Settlement of Class Action, Settlement Hearing and Right to Appear".

      9.    *By December 5, 2007* ~~Within fifteen (15) business days of the entry of the Scheduling Order~~, SCOR shall cause the Notice to be mailed to Class Members, as shown on the stock records maintained by or on behalf of Converium by first class mail, postage prepaid. Furthermore, SCOR shall use reasonable efforts to give notice to beneficial owners of Converium common stock or ADRs (i) by providing, at the expense of SCOR, additional copies of the Notice to any record holder requesting the Notice for the purpose of

3

distribution to any beneficial owners of Converium common stock or ADRs who are entitled to notice, or (ii) at the request of such record holder, by causing the Notice to be mailed directly to such beneficial owners at the addresses provided by such record holder. At least two weeks before the Settlement Hearing, SCOR shall file with the Court proof of mailing of the Notice.

10. The Court finds that the giving of notice substantially in the manner set forth above (i) meets the requirements of Fed. R. Civ. P. 23(e), due process, and applicable law; (ii) is the best notice practicable under the circumstances, including individual notice to all Class Members who can be identified through reasonable effort; and (iii) shall constitute due and sufficient notice of the matters set forth therein for all purposes to all persons entitled to such notice.

11. Any Class Member who objects to the terms of the Stipulation, the proposed Settlement, the class action determination, entry of the Order and Final Judgment approving the Settlement, and/or the application by Plaintiff for an award of attorneys' fees and expenses, or who otherwise wishes to be heard, may appear in person or by his, her, or its attorney at the Settlement Hearing and present any evidence or argument that may be proper and relevant; *provided, however,* that no person other than the Settling Parties and their counsel in this Action shall be heard, and no papers, briefs, pleadings or other documents submitted by any such objector shall be received and considered by the Court (unless the Court in its discretion shall hereafter otherwise direct, upon application of such and for good cause shown), unless no later than ~~ten (10) days prior to the Settlement Hearing~~ January 29, 2008 (i) written notice of the intention to appear, (ii) a detailed statement of all of such objector's objections to any matter before the Court, (iii) proof of

membership in the Class, and (iv) all of the grounds therefore or the reasons for such objector's desiring to appear and to be heard, as well as all documents and writings which such desires the Court to consider, shall be filed by such objector with the Clerk of Court and, simultaneously with or before such filing, shall be served by hand, first-class mail or overnight delivery, upon the following counsel of record:

>Joseph H. Weiss
>James E. Tullman
>WEISS & LURIE
>551 Fifth Avenue
>New York, NY 10176
>Tel.: (212) 682-3025
>   - or -
>Seth D. Rigrodsky
>Brian D. Long
>RIGRODSKY & LONG, P.A.
>919 North Market Street, Suite 980
>Wilmington, DE 19801
>Tel.: (302) 295-5310
>*Attorneys for Plaintiff and the Class*
>   - and -
>Joseph N. Sacca
>Gary J. Hacker
>SKADDEN ARPS SLATE MEAGHER
>   & FLOM LLP
>Four Times Square
>New York, NY 10036
>Tel.: (212) 735-3000
>*Attorneys for Defendant SCOR S.A.*

12.   Attendance at the Settlement Hearing is not necessary for the objection to be considered by the Court; however, objectors wishing to be heard orally in opposition to the approval of the Settlement are required to indicate in their written objection their intention to appear at the hearing. All written objections shall indicate the basis upon which the objector submitting the objections claims to be a Class Member and shall clearly identify any and all witnesses, documents, and other evidence of any kind that are

5

to be presented at the Settlement Hearing in connection with such objections and shall further set forth the substance of any testimony to be given by such witnesses.

13. Any Class Member who fails to object in the manner prescribed above shall be deemed to have waived such objection and forever shall be barred from raising such objection or otherwise contesting the Settlement in this or any other action or proceeding.

14. Pending final determination of whether the Settlement provided for in the Stipulation should be approved, all proceedings in the Action other than proceedings necessary to carry out the terms and conditions of the Settlement are preliminarily enjoined, and Plaintiff, all Class Members, or any of them, are preliminarily barred and enjoined from (i) commencing, prosecuting, instigating, continuing, or in any way participating in the commencement or prosecution of any action asserting any Settled Claims, either directly, representatively, derivatively or in any other capacity against any of the Released Persons, or (ii) challenging the Settlement (other than in this Action in accordance with the procedures established by the Court).

15. If the Court approves the Settlement provided for in the Stipulation following the Settlement Hearing, an Order and Final Judgment, substantially in the form of the Order attached hereto as Exhibit B, shall be entered as described in the Stipulation.

16. If: (i) the Settlement is terminated by the Settling Parties pursuant to the terms of the Stipulation; (ii) any specified condition to the Settlement set forth in the Stipulation is not satisfied and the satisfaction of such condition is not waived in writing by the Settling Parties' counsel; (iii) the Court rejects, in any respect, the Order and Final Judgment in substantially the form and content submitted herewith as Exhibit B, and the

Settling Parties' counsel fail to consent to the entry of another form of order in lieu thereof; (iv) the Court rejects the Stipulation, including any amendment thereto approved by the Settling Parties' counsel; or (v) the Court approves the Stipulation, including any amendment thereto approved by the Settling Parties' counsel, but such approval is reversed on appeal and such reversal becomes final, then in any such event, the Stipulation, including any amendment(s) thereof, and this Scheduling Order certifying the Class for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each Settling Party shall be restored to his, her, or its respective position as it existed prior to the execution of the Stipulation.

17. The Court retains jurisdiction over the Action to consider all further matters arising out of or in connection with the Settlement.

Dated: _Nov. 13_, 2007

BY ORDER OF THE COURT:

_____
Gerard E. Lynch, U.S.D.J.