UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEIL L. SCLATER-BOOTH, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>SCOR, S.A., and PATINEX AG,<br><br>      Defendants. | Civil Action No. 07-CV-3476 (GEL) |

**AFFIDAVIT OF PAUL MULHOLLAND, CPA, CVA,
CONCERNING MAILING OF NOTICE TO CLASS MEMBERS OF PROPOSED
SETTLEMENT OF CLASS ACTION**

I, Paul Mulholland, being duly sworn, depose and say:

1. I submit this affidavit in order to provide the Court and the parties to the above-captioned litigation with information regarding the mailing of the Notice of Pendency of Class Action, Proposed Settlement of Class Action, Settlement Hearing, and Right to Appear ("Notice"). I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. I am the President of Strategic Claims Services ("SCS"), a nationally recognized claims administration firm. I am a Certified Public Accountant and a Certified Valuation Analyst. I have over fifteen (15) years of experience specializing in claims administration for class action settlements and I have administered over two-hundred (200) cases. SCS was established in April 1999 and has administered over one-hundred (100) class actions settlements since its inception. SCS was retained as the administrator to efficiently and effectively provide the Court approved Notice to the Class and to provide administrative services as part of the settlement administration

process in the above-captioned litigation. Our services include supervising the printing of the Notice; providing Notices to the Class; notifying brokerage firms or other nominee accounts of the appropriate manner to provide a Notice to Class members; setting up databases; updating addresses received by Class members; reviewed SEC Form 13-F filings for institutional Class members; re-mailing all returned mail with forwarding addresses provided by the post office; and all other services necessary to administer this Class action.

    3.    To provide actual notice to all persons or entities who were current record or certificate holders of Converium Holdings AG ("Converium") American Depository Shares ("ADS shares"), or common stock, we mailed, by first class mail, the Notice approved by the Court to 161 individuals and organizations identified on the records of Converium's transfer agent as record or certificate holders. SCS also provided notice to brokerage companies, bank and trust companies which are contained on our master list. Including in this mailing was a cover letter informing them of the proposed settlement and a copy of the Notice. This master list consists of the 757 largest banks and brokerage companies ("Nominee Account Holders"), as well as 1,179 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups") which may have been record/certificate or beneficial/"street name" holders of Converium ADS shares or common stock in their clients' or their accounts. A copy of the cover letter sent to these organizations is attached as **Exhibit A** and a copy of the Notice is attached as **Exhibit B**. The mailing of Notices were done on or before December 5, 2007 as required by the Scheduling Order Concerning Notice and Hearing on Settlement (the "Court's November

13, 2007 Order"). Moreover, the Notice was made available to the public at SCS's website.

4. To date, 24,579 Notices have been mailed. SCS mailed 161 Notices to individuals and organizations from the shareholders list provided by Converium's Transfer Agent. As noted above, 1,936 Notices were sent to Nominee Account Holders and Institutional Groups. Also, to date, an additional 22,482 Notices were requested by the Nominee Account Holders and Institutional Groups and other individuals.

5. Out of the 24,579 Notices mailed, 603 were returned as undeliverable mailings. Of these, 108 had forwarding addresses from the post office and SCS immediately re-mailed each of these potential Class members a Notice using the updated addresses.

6. The notice procedures described in paragraphs three (3) through five (5) above are consistent with the procedures I have used in each of the class action securities litigation cases in which I have been involved with over the past fifteen years.

7. To date, SCS has received no objections to any aspect of the Proposed Settlement. The deadline for mailing objections is January 29, 2008.

*Paul Mulholland, CPA, CVA*

Sworn to and Subscribed before me
This 25th day of January 2008
In the County of Delaware,
Commonwealth of Pennsylvania

*Christina L. Kerper*
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Christina L. Kerper, Notary Public
Upper Providence Twp., Delaware County
My Commission Expires Nov. 12, 2010
Member, Pennsylvania Association of Notaries

# Exhibit A

## REQUEST FOR NAMES AND ADDRESSES OF CLASS MEMBERS

STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 3
MEDIA, PA   19063

PHONE: (610) 565-9202     EMAIL: info@strategicclaims.net     FAX: (610) 565-7985

December 5, 2007

Enclosed is a copy of the "NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT OF CLASS ACTION, SETTLEMENT HEARING, AND RIGHT TO APPEAR" in the above-referenced matter. This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

1.) <u>ANY</u> holders of Converium's American Depository Shares.
2.) all <u>United States</u> persons holding shares of Converium

Excluded are Defendants and their affiliates, successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate or remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them.

**The information below may assist you in finding the above requested information.**

Converium Holding AG Litigation Settlement
Civil Action No. 07-CV-3476 (GEL)
Cusip No. (common stock in Switzerland):   H1632M115  *Please do NOT respond with non-US holders of common stock
Cusip No. (American Depository Shares): 80918K108
Objection Deadline: January 29, 2008
Settlement Fairness Hearing:  February 8, 2008 at 9:30 a.m.

## THE COURT HAS DIRECTED THAT YOU PROVIDE THE REQUESTED INFORMATION WITHIN TEN (10) DAYS FROM THE DATE OF THIS NOTICE.

Please comply in one of the following ways:
1. If you have no beneficial owners, please so advise us in writing; or
2. Supply us with the names and addresses of your beneficial owners and we will do the mailing. Please provide us this information electronically. If you are not able to do this, labels will be accepted but it is important that a hardcopy also be submitted of the names of your clients; or
3. Advise us of how many beneficial purchasers/owners you have and we will supply you with ample forms to do the mailing.

You are on record as having been notified of this legal matter. Any reasonable research and mailing expenses may be billed directly to our office, payable subject to the approval of the Court. You should note on your invoice that expenses incurred were for compliance with the Order of the Court. Please call us directly at the above number should you have any questions.

Thank you for your prompt response.

Sincerely,

Claims Administrator
Converium Holding AG Litigation Settlement

**Exhibit B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEIL L. SCLATER-BOOTH, Individually and
On Behalf of All Others Similarly Situated,

                                                          *Plaintiff,*

v.

SCOR, S.A., and PATINEX AG,

                                                         *Defendants.*

Civil Action No. 07-CV-3476 (GEL)

---

### NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT OF CLASS ACTION, SETTLEMENT HEARING, AND RIGHT TO APPEAR

TO: ALL UNITED STATES PERSONS HOLDING SHARES OF CONVERIUM HOLDING AG ("CONVERIUM" OR THE "COMPANY") AND HOLDERS OF CONVERIUM'S AMERICAN DEPOSITORY SHARES, OTHER THAN DEFENDANTS IN THE ABOVE-CAPTIONED LITIGATION (THE "CLASS"):

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.**

**IF YOU HELD SHARES OF CONVERIUM FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.**

    This Notice is given pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and pursuant to an Order of the United States District Court for the Southern District of New York (the "Court"). The purpose of this Notice is to inform you of the above-captioned action pending in the Court (the "Action"), the proposed settlement of the Action (the "Settlement"), a hearing on the proposed Settlement (the "Settlement Hearing"), and your right, among other things, to participate in the Settlement Hearing. The Settlement Hearing will be held before the Court in the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007, on February 8, 2008 at 9:30 a.m. (i) to determine whether the terms and conditions of the Settlement provided for in the Stipulation and Agreement of Settlement, dated May 25, 2007 (the "Stipulation"), taken as a whole, are fair, reasonable, adequate and in the best interests of the proposed Class (as defined herein), (ii) to determine whether a final judgment should be entered dismissing the Action on the merits and with prejudice and extinguishing and releasing any and all Settled Claims (as defined herein) against the Released Parties (as defined herein), (iii) to hear and determine any objections to the Settlement, and (iv) to determine, if the Court approves the Settlement and enters its final judgment, whether it should award attorneys' fees and expenses in an amount not exceeding $550,000 to counsel for Plaintiff.

    The Court has reserved the right to adjourn or continue the Settlement Hearing, including consideration of the application for attorneys' fees, without further notice to you other than by announcement at the Settlement Hearing or any adjournment thereof. The Court has further reserved the right to approve the Stipulation and Settlement at or after the Settlement Hearing, with such modifications as may be consented to by the parties to the Stipulation, and enter its final judgment dismissing the Action on the merits and with prejudice and order the payment of attorneys' fees and expenses without further notice of any kind.

    This notice is not an expression by the Court as to the merits of any claim or defense asserted by the parties in this litigation.

### THE FACTUAL BACKGROUND

    THE DESCRIPTION OF THE ACTION AND THE SETTLEMENT THAT FOLLOWS HAS BEEN PREPARED BY COUNSEL FOR THE PARTIES. THE COURT HAS MADE NO FINDINGS WITH RESPECT TO SUCH MATTERS, AND THIS NOTICE IS NOT AN EXPRESSION BY THE COURT OF FINDINGS OF FACT.

    On February 17, 2007, SCOR S.A. ("SCOR") proposed an offer for the acquisition of the Company to Converium's Board of Directors. The next day, Converium's Board unanimously rejected the offer, concluding that it fundamentally failed to recognize the value of Converium's franchise and growth prospects, and therefore it was not in the best interest of the Company, its shareholders, or its customers.

    On February 26, 2007, SCOR formally pre-announced a tender offer to acquire certain Converium shares (the "Offer") and on April 5, 2007, SCOR issued a Swiss Offer Prospectus relating to the Offer. The Offer Prospectus stated, in relevant part, among other things, that for each Converium share tendered, SCOR offers "(i) 0.5 New SCOR Shares

with nominal value of EUR 7.8769723 each; (ii) CHF 4 in cash" (the "Offer Price"); (iii) the Offer would not apply to the Company's American Depository Shares; (iv) SCOR's offer would be subject to a number of conditions, including valid acceptances for shares representing at least 50.01% of the Company's share capital; and (v) the Offer would not be made in or into the United States.

On May 1, 2007, Plaintiff filed a class action complaint (the "Class Action Complaint") in the action captioned *Neil L. Sclater-Booth v. SCOR S.A. and Patinex AG*, Civil Action No. 07 CV 3476 (GEL) (S.D.N.Y.) alleging that SCOR and defendant Patinex AG ("Patinex") failed to comply with certain disclosure requirements imposed by the United States securities laws in connection with SCOR's public tender offer in Switzerland for all publicly held registered shares of Converium. More specifically, the Class Action Complaint alleges that (i) the Offer has triggered the application of the provisions of the Securities and Exchange Act of 1934 (the "Exchange Act") governing tender offers, and that SCOR has violated Section 14(d) of the Exchange Act, which requires certain disclosures in connection with tender offers, and Section 14(e) of the Exchange Act, which prohibits fraudulent, deceptive, or manipulative acts in connection with tender offers; and (ii) SCOR and Patinex violated Section 13(d) of the Exchange Act, by failing to disclose that SCOR and Patinex "acted as a group" in connection with the Offer. The allegations made in the Class Action Complaint are substantially similar to those made in a complaint filed by Converium on April 16, 2007, against SCOR and Patinex in an action captioned *Converium Holding AG v. SCOR S.A. and Patinex AG*, Civil Action No. 07 CV 3042 (GEL) (S.D.N.Y.) (the "Converium Action").

On May 3, 2007, SCOR accepted service of the Class Action Complaint and counsel for Plaintiff in the Action ("Plaintiff's Counsel") agreed to adhere to the schedule established in the Converium Action. Pursuant to that agreement SCOR provided to Plaintiff's counsel the approximately 30,000 pages of documents it had produced in discovery in the Converium Action. Patinex has not been served with the Class Action Complaint.

On May 2, 2007, Patinex filed a Schedule 13D with the United States Securities and Exchange Commission ("SEC") disclosing that: (i) on February 16, 2007, it and SCOR entered into a share purchase agreement whereby SCOR agreed to acquire from Patinex, and Patinex agreed to sell to SCOR 29,020,350 registered shares of Converium at a closing that occurred on April 26, 2007 (the "Closing"); (ii) immediately after the Closing, Patinex sold 1,388,017 shares of SCOR in a privately negotiated transaction; and (iii) following the consummation of the aforementioned transactions, Patinex is the beneficial owner of 9.5% of the share capital of SCOR.

On May 10, 2007, SCOR and Converium announced that they had reached an agreement on the terms and conditions of a friendly transaction in connection with the Offer. As part of that agreement, SCOR agreed (i) to increase the cash portion of the Offer Price from CHF 4 to CHF 5.50 and (ii) not to reduce the offer price by the amount of the dividend of CHF 0.20 per Converium Share adopted by the shareholders' meeting of Converium on May 10, 2007, which represents an aggregate price increase of 7.9%. SCOR acknowledges that the pendency of this Action and the Converium Action was a factor it considered in making its decision to increase the Offer Price.

On May 10, 2007, Converium voluntarily dismissed with prejudice the Converium Action.

On May 25, 2007, the Settling Parties[1] entered into the Stipulation. On November 13, 2007, the Court entered a Scheduling Order in which, among other things, the Court preliminarily certified the Class (as defined below), preliminarily determined that the Action was properly brought as a class action, and preliminarily found that Plaintiff was an adequate representative of the Class.

Based upon their investigation and pretrial discovery as set forth above, Plaintiff's counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable, and adequate to Plaintiff and the other members of the Class, and in their best interests, and has agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that the members of the Class will receive from settlement of the Action, (b) the attendant risks, uncertainties, costs, and delays of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

SCOR has denied and continues to deny any wrongdoing whatsoever. The Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of SCOR with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses SCOR has asserted. The parties to the Stipulation recognize, however, that the litigation has been filed by Plaintiff and defended by SCOR in good faith and with adequate basis in fact under Rule 11 of the Federal Rules of Civil Procedure, that the litigation is being voluntarily settled after advice of counsel, and that the terms of the settlement are fair, adequate, and reasonable. The Stipulation shall not be construed or deemed to be a concession by Plaintiff of any infirmity in the claims asserted in the Action.

---

[1] "Settling Parties" as used herein means, collectively, SCOR and Plaintiff, the latter on behalf of himself and/or on behalf of the Class.

Plaintiff's Counsel have conducted an investigation relating to the claims and the underlying events and transactions alleged in the Class Action Complaint, which has included, among other things, a review of thousands of pages of documents produced by SCOR both in the United States and France. In addition, Plaintiffs' Counsel interviewed two executive officers of SCOR who had intimate knowledge regarding the Offer as well as the facts alleged in the Class Action Complaint. Plaintiff's Counsel have analyzed the evidence developed during discovery and have researched the applicable law with respect to the claims of Plaintiff and the Class against SCOR and the potential defenses thereto.

### DISCOVERY, INVESTIGATION, AND RESEARCH CONDUCTED BY PLAINTIFF'S COUNSEL

Counsel for Plaintiff in the Action have undertaken and completed a thorough investigation of the claims and allegations asserted in the Action, as well as the underlying events and transactions relevant to those claims and allegations. In connection with their investigation, Plaintiff's Counsel have carefully reviewed documents produced by SCOR, interviewed witnesses and negotiated closely with SCOR's Counsel to ensure all claims were addressed.

The investigation by Plaintiff's Counsel included, among other things, the examination of tens of thousands of pages of documents produced by SCOR in both the United States and France. These documents included minutes of meetings of SCOR's Boards of Directors, documents prepared by SCOR's investment bankers and attorneys in connection with the Offer, documents concerning the Swiss Takeover Board's treatment of the Offer, documents concerning Patinex's involvement in the Offer and underlying events, and documents concerning the treatment of Converium American Depository Shares ("ADS") in the United States. In addition, Plaintiff's Counsel traveled to Paris, France, to review additional documents provided by SCOR's attorneys, and to conduct interviews of certain SCOR executives with substantial knowledge regarding the Offer and, specifically, the conduct challenged in the Offer. Specifically, Plaintiff's Counsel conducted thorough interviews of SCOR's Group Chief Operating Officer and its Director of Investor Relations. The interviews covered a variety of topics designed to confirm the fairness of the Proposed Settlement, and included, among others: (1) SCOR's treatment of ADS holders in the United States in connection with the Offer; (2) the underlying transactions that led to the Offer, including SCOR's purchase of Converium shares from Patinex and its discussions with that entity; (3) SCOR's interaction with, and conduct before, the Swiss Takeover Board in connection with the Offer; (4) the negotiations leading to, and circumstances underlying, the Offer; (5) the consideration offered to Converium stockholders in connection with the Offer; (6) the litigation filed against SCOR by Converium in connection with the Offer; and (7) the fact that the Action was a factor in SCOR's decision to raise the Offer price.

### SCOR'S DENIALS OF WRONGDOING AND LIABILITY

SCOR has denied and continues to deny that it has committed or attempted to commit any violations of law or breaches of duty to Converium or its shareholders or otherwise acted in any improper manner with respect to any facts alleged or that could have been alleged in the Action. SCOR has denied and continues to deny the allegations concerning any alleged breach of a duty of disclosure. SCOR has further asserted and continues to assert that, at all relevant times, it acted in good faith.

SCOR, however, also has taken into account the uncertainty and risks inherent in any litigation, especially in litigation of this complexity. SCOR has, therefore, determined that it is desirable and beneficial that the action be settled in the manner described herein to eliminate the burden and expense of further litigation.

There has been no admission or finding of facts or liability by or against any party and nothing herein should be construed as such.

### CLAIMS OF THE PLAINTIFF AND BENEFITS OF SETTLEMENT

Plaintiff believes that the Settlement set forth in the Stipulation confers substantial benefits upon the members of the Class including, as described more fully below, SCOR's announcement to increase of the Offer Price by 7.9%.

In evaluating the Settlement, Plaintiff and his counsel have considered: (i) the substantial benefits to the members of the Settlement Class (defined below) from the Settlement; (ii) the facts developed during discovery; (iii) the attendant risks of continued litigation and the uncertainty of the outcome of the Action; (iv) the probability of success on the merits and the allegations contained in the Action, including the uncertainty relating to the proof of those allegations; (v) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation; and (vi) the conclusion of Plaintiff's Counsel that the terms and conditions of the Settlement are fair, reasonable, adequate, and in the best interests of the Class.

Plaintiff's entry into the Settlement is not an admission as to the lack of merit of any of the claims asserted in the Action. Plaintiff has entered into this Settlement after taking into account, among other things, the benefits of the settlement provided for herein, the expense and length of continued proceedings necessary to prosecute the Action,

3

the uncertain outcome and the risk of any litigation, especially litigation of this complexity, as well as the difficulties and delays inherent in such litigation, and the inherent problems of proof under and possible defenses to the claims asserted in the Action.

## THE CLASS

The Class consists of all United States persons holding shares of Converium and holders of Converium's American Depository Shares. Excluded from the Class are Defendants and their affiliates, successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate or remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them.

## SUMMARY OF THE SETTLEMENT

The principal terms, conditions, and other matters which are part of the Stipulation are summarized below. This summary should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation and the exhibits thereto which have been filed with the Court and may be examined by you or your attorney, as set forth below.

As a result of Plaintiff's prosecution of the Action and his agreement to settle the Action on the terms in the Stipulation, and in consideration for the full and complete settlement of the Settled Claims (as defined below), and contingent upon the final dismissal of the Action with prejudice and without costs to any party to the Stipulation (except as specified therein), the parties agreed to settle and compromise the Action.

On May 10, 2007 SCOR announced that it had agreed to increase the Offer Price by 7.9%. Without admitting any wrongdoing, fault, liability or damage, SCOR acknowledges that the pendency of this Action and the Converium Action was a factor it considered in making its decision to increase the Offer Price.

Assuming approval by the Court, the Settlement will become effective only when the Court has entered a final judgment approving the Settlement (the "Order and Final Judgment") that has been finally affirmed on appeal or is no longer subject to appeal and the time for any petition for re-argument, appeal or review has expired.

SCOR has paid the costs of preparing and mailing this Notice, and was responsible for the dissemination of this Notice.

If the Settlement does not become effective or if the Stipulation is terminated pursuant to its terms, unless the parties agree otherwise, then the Action shall revert forthwith to its status prior to the Settlement and shall proceed in all material respects as if this Stipulation and related orders and papers had not been executed, and those papers shall not be used for any purpose except in connection with the enforcement of the terms of the Stipulation.

## THE RELEASES

If the Stipulation and the Settlement are approved by the Court: (i) the Action will be dismissed with prejudice in accordance with the terms of the Settlement as to Plaintiff and Class Members and (ii) Plaintiff and Class Members (solely in their capacities as public shareholders of Converium) will be deemed to have fully, finally and forever settled or released any and all claims relating to the Offer and will be barred from prosecuting a class, derivative, or other action encompassing any Settled Claim (as defined below) against a Released Party (as defined below). In addition, Defendants will be deemed to have fully, finally and forever settled or released any all claims which arise out of or relate in any way to the institution, prosecution, or settlement of the Action.

As defined in the Stipulation, "Settled Claims" means all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses of liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and unknown claims, (i) that have been asserted in this Action by the Class Members or any of them against and of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of, are related to, or are based upon in any way, either directly or indirectly, in part or in whole, any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Class Action Complaint (collectively, the "Settled Claims"); and all claims, debts, demands, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown claims, that have or could have been asserted in the Action or any forum by SCOR or its legal representatives, heirs, executors, successors, and assigns against the Plaintiff, Class Members and/or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement) (the "Settled Defendants' Claims").

"Released Parties" means SCOR, its past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, attorneys, advisors, and investment advisors, auditors, accountants, insurers, and any person, firm, trust, corporation, officer, director or other individual or entity in which SCOR has a controlling interest or which is related to or affiliated with SCOR, and the legal representatives, heirs, successors in interest or assigns of SCOR, Patinex, its past or present subsidiaries, parents successors and predecessors officers, directors, agents, employees, attorneys, advisors, and investment advisors, auditors, accountants, insurers, and any person, firm, trust, corporation, officer, director or other individual or entity in which Patinex has a controlling interest or which is related to or affiliated with Patinex, and the legal representatives, heirs, successors in interest or assigns of Patinex.

**THE COURT HAS NOT DETERMINED THE MERITS OF ANY OF THE CLAIMS MADE BY PLAINTIFF AGAINST, OR THE DEFENSES OF DEFENDANTS. THIS NOTICE DOES NOT IMPLY, THEREFORE, THAT THERE HAS BEEN OR WOULD BE ANY FINDING OF VIOLATION OF ANY LAW OR THAT RELIEF IN ANY FORM OR RECOVERY IN ANY AMOUNT COULD BE HAD IF THE ACTION WERE NOT SETTLED.**

If the Court approves the Settlement, including any modifications thereto made with the consent of the Settling Parties, Plaintiff's Counsel intend to apply to the Court for an award of fees and expenses in an amount not exceeding $550,000. SCOR has agreed to pay the attorneys' fees and expenses awarded by the Court up to such amount. SCOR agreed not to oppose such application for fees and expenses, but retain the right to oppose any other application for fees or expenses by Plaintiff's Counsel or any other person. Except as expressly provided herein, SCOR shall bear no other expenses, costs, damages or fees alleged or incurred by Plaintiff, by any Class Member, and/or by any of their attorneys, experts, advisors, agents or representatives.

The fairness, reasonableness, and adequacy of the Settlement may be considered and ruled upon by the Court independently of any award of attorneys' fees and expenses.

### RIGHT TO APPEAR AT THE SETTLEMENT HEARING

Any Class Member who objects to the Stipulation, the Settlement, the judgment proposed to be entered herein and/or the application for an award of attorneys' fees and expenses, or who otherwise wishes to be heard, may appear in person or by his, her or its attorney at the Settlement Hearing and present any evidence or argument that may be proper and relevant. To do so, *however,* an objector must, **no later than ten (10) days prior to the Settlement Hearing** (unless the Court otherwise directs, upon application and for good cause shown), file with the Clerk of Court for the United States District for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007, (i) a notice of the objector's intention to appear, (ii) a detailed statement of the objector's objections to any matter before the Court, (iii) proof of membership in the Class, and (iv) a detailed statement of all of the grounds therefor or the reasons for the objector's desire to appear and be heard, as well as all documents or writings which the objector desires the Court to consider. On or before such filing, the objector also must deliver these documents by hand, first-class mail or overnight delivery to each of the following counsel of record:

| | | | | |
|---|---|---|---|---|
| Joseph H. Weiss | | Seth D. Rigrodsky | | Joseph N. Sacca |
| James E. Tullman | | Brian D. Long | | Gary J. Hacker |
| WEISS & LURIE | - or - | RIGRODSKY & LONG, P.A. | - and - | SKADDEN ARPS SLATE MEAGHER |
| 551 Fifth Avenue | | 919 North Market Street | | & FLOM LLP |
| New York, NY 10176 | | Suite 980 | | Four Times Square |
| Tel.: (212) 682-3025 | | Wilmington, DE 19801 | | New York, NY 10036 |
| | | Tel.: (302) 295-5310 | | Tel.: (212) 735-3000 |
| *Co-Lead Counsel for Plaintiff and the Class* | | | | *Attorneys for Defendant SCOR S.A.* |

Attendance at the Settlement Hearing is not necessary for the objection to be considered by the Court; however, persons wishing to be heard orally in opposition to the approval of the Settlement are required to indicate in their written objection their intention to appear at the hearing. All written objections shall indicate the basis upon which the person submitting the objections claims to be a Class Member and shall clearly identify any and all witnesses, documents, and other evidence of any kind that are to be presented at the Settlement Hearing in connection with such objections and shall further set forth the substance of any testimony to be given by such witnesses.

Any person who fails to object in the manner prescribed above shall be deemed to have waived such objection and forever shall be barred from raising such objection or otherwise contesting the Settlement or the application for an award of attorneys' fees and expenses in this or any other action or proceeding.

Pending final determination of whether the Settlement should be approved, all proceedings in the Action other than proceedings necessary to carry out the terms and conditions of the Settlement are preliminarily barred and enjoined, and Plaintiff, all Class Members, or any of them, are preliminarily barred and enjoined from (i) commencing,

prosecuting, instigating, continuing, or in any way participating in the commencement or prosecution of any action asserting any Settled Claims, either directly, representatively, derivatively or in any other capacity against any of the Released Persons, or (ii) challenging the Settlement (other than in this Action in accordance with the procedures established by the Court).

### NOTICE TO PERSONS OR ENTITIES HOLDING RECORD OWNERSHIP ON BEHALF OF OTHERS

Brokerage firms, banks and other persons or entities who held shares of Converium common stock or ADRs in their capacities as record owners, but not as beneficial owners, are requested to send this Notice promptly to the beneficial owners. SCOR will reimburse the record holders for the reasonable cost of forwarding this Notice to beneficial owners. To obtain reimbursement, forward reasonably satisfactory proof of your expenses to:

Converium Holding AG Litigation Settlement
c/o Strategic Claims Services
600 N Jackson Street – Suite 3
Media, PA 19063

If additional copies of the Notice are needed for forwarding to such beneficial owners, any request for such additional copies may be made to the following address:

Converium Holding AG Litigation Settlement
c/o Strategic Claims Services
600 N Jackson Street – Suite 3
Media, PA 19063

Alternatively, such brokerage firms, banks and other persons or entities may request that Strategic Claims Services mail this Notice to such beneficial owners. In such event, such brokerage firms, banks and other persons or entities may forward the names and addresses of such beneficial owners to the above address, and SCOR will cause the Notice to be sent to such beneficial owners.

### SCOPE OF THIS NOTICE

This Notice does not purport to be a comprehensive description of the Action or the pleadings, the terms of the proposed Settlement or the scheduled Settlement Hearing. For more complete information concerning the litigation and the proposed Settlement, you may inspect the pleadings, the Stipulation and other papers and documents filed with the Court in the Action, during normal business hours at the Clerk of Court for the United States District for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007. Further information regarding the Action, the Settlement and this Notice should not be sought from the Court, but may be obtained by contacting Plaintiff's Counsel named above.

Dated: November 13, 2007                    BY ORDER OF THE COURT:

                                            _____
                                            Gerard E. Lynch, U.S.D.J.

[THIS PAGE INTENTIONALLY LEFT BLANK]

In re Converium Holding AG Litigation Settlement
c/o Strategic Claims Services
Claim Administrator
P.O. Box 230
Media, PA 19063

# FIRST CLASS MAIL

**PLEASE FORWARD—IMPORTANT LEGAL NOTICE**