UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEIL L. SCLATER-BOOTH, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>SCOR, S.A., and PATINEX AG,<br><br>                    Defendants. | Civil Action No. 07-CV-3476 (GEL) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

**WEISS & LURIE**
Joseph H. Weiss (JW-4534)
James E. Tullman (JT-9597)
David C. Katz (DK-6235)
551 Fifth Avenue
New York, NY 10176
Tel.: (212) 682-3025
Fax: (212) 682-3010

**RIGRODSKY & LONG, P.A.**
Seth D. Rigrodsky (SR-9430)
Brian D. Long
919 N. Market Street, Suite 980
Wilmington, DE 19801
Tel.: (302) 295-5310
Fax: (302) 654-7530

*Counsel for Plaintiff and the Class*

## **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ........................................................... 1

II. STATEMENT OF FACTS ................................................................... 2

III. ARGUMENT ........................................................................................ 3

    A. Plaintiff's Request For An Award Of Attorneys' Fees and Reimbursement Of Expenses Should Be Approved ....................... 3

        1. The Requested Fee is Fair and Reasonable ........................ 3

            a. The Requested Fees are Reasonable as Measured by the *Grinnell* Factors ................................................... 3

                (1) The Time and Labor Expended by Counsel ............. 3

                (2) The Magnitude and Complexities of the Litigation ...... 4

                (3) The Risks of the Litigation ........................................ 5

                (4) Quality of Representation ......................................... 5

                (5) The Results Achieved Justify the Requested Fee ....... 6

                (6) Public Policy Considerations Support the Requested Fee ....................................................................... 7

            b. The Requested Fee is Reasonable under the Percentage-Based Method ........................................... 8

            c. Plaintiff's Counsel should be Reimbursed for Expenses Reasonably Incurred in Connection with this Action ....... 8

V. CONCLUSION ................................................................................... 9

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiff respectfully submits this Memorandum of Law in support of his counsel's application for an award of attorneys' fees and reimbursement of expenses (the "Fee Application") in connection with the settlement (the "Settlement") that resolves the above-captioned action (the "Action") with defendants SCOR, S.A. and Patinex AG (collectively, the "Defendants") as set forth in the stipulation and agreement of settlement entered into between the parties (the "Stipulation").[1] For the reasons set forth herein, counsel for Plaintiff respectfully requests that the fee and expense Application be approved.

## I.    PRELIMINARY STATEMENT

The efforts of counsel for the Plaintiff in this complex securities class action, Weiss & Lurie and Rigrodsky & Long, P.A. (collectively "Plaintiff's Counsel"), were a significant causative factor in procuring an additional $259.6 million for shareholders of Converium Holding, AG and the representation, since fulfilled, to acquire the Converium securities owned by Americans at the same price paid to shareholders outside the United States. This is an exceptional result in the face of very grave risk. The Settlement is a credit to Plaintiff's Counsel's vigorous, persistent and diligent efforts. Accordingly, Plaintiff's Counsel respectfully submit this brief in support of their application for an award of attorneys' fees in the amount of $500,000, as well as their request reimbursement of their out-of-pocket expenses incurred in prosecuting the litigation in the amount of $47,473.13, as memorialized in the Stipulation.

---

[1] Submitted herewith is Plaintiff's Memorandum of Law in Support of Final Approval of Settlement (the "Settlement Memorandum") and the Declaration of Seth D. Rigrodsky and Joseph H. Weiss in Support of Final Approval of Settlement and Application for an Award of Attorneys' Fees and Reimbursement of Expenses (the "Attorney Declaration," cited to as the "Attorney Decl." in this Memorandum). Also filed concomitantly herewith is the Transmittal Affidavit of Brian D. Long in Support of the Proposed Settlement and Application for an Award of Attorneys Fees and Reimbursement of Expenses (the "Transmittal Affidavit," cited to in the Memorandum as the "Tr. Aff.").

1

## II.  STATEMENT OF FACTS

The history and background of the Action and the material facts learned in discovery are described in the Attorney Declaration and are only summarized here.

Plaintiff and his counsel agreed to the terms of the Settlement because, in their view, the Settlement substantially achieves Plaintiff's objectives in the Action. Plaintiff's counsel negotiated with Defendants with the objective of addressing Plaintiff's concerns that a transaction be effected that was fair to all of the Company's shareholders, including the holders of its ADSs. The Settlement addressed Plaintiff's concerns as SCOR agreed to increase its offer by 7.9% per share, or approximately $259.6 million and agreed that *all* of Converium's shareholders, including the holders of its ADSs, have or will receive the same value for their respective interests in the Company. As described above and in the Attorney Declaration, Defendants have expressly acknowledged the substantial role Plaintiff had in causing benefits to the Company's shareholders. This was an important result, and one that Plaintiff's Counsel made sure of before recommending this Settlement to the Court.

Plaintiff and his counsel have agreed to the Settlement based on their legal and business judgment that it is fair to both Converium's shareholders and the holders of its ADSs. It was only *after* Plaintiff and Defendants agreed to the substantive terms of the Settlement that counsel discussed compensation for Plaintiff's Counsel. Atty. Decl. at ¶ 8. The negotiations were completely arm's-length, which is reflected in the fee and expense application now before the Court. *Id.* An award of Plaintiff's Counsel's fee and expense request, to be paid by SCOR or its successor in interest, will not diminish any benefit already received by Class members to any extent. Indeed, those fees and expenses, as awarded by the Court, will be paid *over and above* the increased consideration in the Offer. Atty. Decl. at ¶¶ 49, 51.

2

III. **ARGUMENT**

    A. **Plaintiff's Request For An Award Of Attorneys' Fees And Reimbursement Of Expenses Should Be Approved**

Plaintiff's Counsel are applying for an award of counsel fees in the amount of $500,000 and reimbursement of expenses in the amount of $47,473.13 for the prosecution and resolution of this Action. Plaintiff's Counsel's efforts, performed entirely on a contingent basis, resulted in a significant benefit for the Class. The Notice of Settlement, which was mailed to nearly 25,000 Converium shareholders, including many institutional shareholders, notified them of Plaintiff's application for an award of attorneys' fees and expenses, and there has not been a single objection by any of the shareholders to such award. *See* Affidavit of Paul Mulholland, CPA, CVA, Concerning Mailing of Notice.

        1. **The Requested Fee is Fair and Reasonable**

            a. **The Requested Fees are Reasonable as Measured by the *Grinnell* Factors**

In determining a reasonable fee, the Second Circuit has advised courts to be guided by the traditional factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). As summarized by the court in *Goldberger,* those factors include:

> (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation … ; (4) the quality of representation (5) the requested fee in relation to the settlement; and (6) public policy considerations.

209 F.3d at 50. Here, as shown below, each of these factors supports the fee request.

            (1) **The Time and Labor Expended by Counsel**

The first factor considered by courts in the Second Circuit is essentially a comparison between the attorneys' fee requested and the lodestar/multiplier calculation. Plaintiff's Counsel expended over 986 hours in the prosecution of the Action, resulting in a total lodestar of more

3

than $523,000. *See* Atty Decl.[2] The requested fee of $500,000 thus represents the lodestar with a negative multiplier of 0.954. Therefore, Plaintiff's Counsel respectfully submit that a lodestar/multiplier analysis confirms that the requested fees are fair and reasonable, and that this Court should approve the requested fees.

### (2)     The Magnitude and Complexities of the Litigation

This case involved complex issues of law and fact, including the treatment of American common stock and ADS holders in a tender offer to acquire a Swiss company. Moreover, the case presented daunting challenges pertaining to the implication of foreign law, as well as the difficulties of litigating across several continents. In particular, the SEC and Swiss Takeover Board had each conducted an investigation into the transaction and has permitted it to go forward. The magnitude and complexity of this litigation also fully supports approval of the requested attorneys' fees. *See Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 372 (S.D.N.Y. 2002) (observing that shareholder litigation (in that instance a securities fraud action) 'by its very nature, is a complex animal,'") (quotation omitted).[3]

---

[2] As the accompanying affidavits demonstrate, Plaintiff's Counsel's current rates are competitive market hourly rates for cases involving complex class action securities litigation, and reflect the reputation, experience and successful records of petitioning counsel and their firms. These hourly rates are reasonable and have been approved by other courts as a basis for awarding attorneys' fees.

[3] Plaintiff also is filing concomitantly filing herewith Plaintiff's Memorandum Of Law In Support Of Final Approval Of Settlement which it incorporates by reference as if set forth fully herein. Therein, Plaintiff also discusses at length the complexities and risks involved in the Action, as well as the efforts taken by Plaintiff's Counsel. To avoid redundancy, Plaintiff has not repeated those arguments in this Application, but rely on them as if set forth fully herein.

### (3) The Risks of the Litigation

As the Second Circuit recognized in *Grinnell*, "despite the most vigorous and competent of efforts, success is never guaranteed." 495 F.2d at 471. Federal courts have long recognized that securities class action litigation "is notably difficult and notoriously uncertain." *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999) (citation omitted). The high caliber of Plaintiff's Counsel and their aggressive pursuit of a case provide no assurance that they will prevail on summary judgment, at trial, or achieve a satisfactory settlement or any settlement at all. *See Maley*, 186 F. Supp. 2d at 372-73 (citing cases). This is confirmed by the risks that Plaintiff's Counsel assumed in commencing and prosecuting this Action. Plaintiff previously has set forth these risks herein in the Settlement Memorandum, and will not repeat them here. See footnote 6, *infra*.

### (4) Quality of Representation

The fourth criterion for evaluating the fee request is the quality of the representation of the Class.[4] In most cases, the best evidence of the quality of Plaintiff's Counsel's representation of a class is the outstanding results achieved. *See In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 357-58 (S.D.N.Y. 2005) (evaluating quality of representation by reference to the substantial risks faced by counsel, which "obtained remarkable settlements for the Class while facing formidable opposing counsel from some of the best defense firms in the country");*In re Lucent Techs. Inc. Sec. Litig.*, 327 F. Supp. 2d 426, 437 (D.N.J. 2004) ("the result itself evidences counsel's skill and efficiency"). As described immediately below and in the Attorney

---

[4] *See* Plaintiff's Counsel's firm resumes are filed contemporaneously herewith.

5

Declaration, Plaintiff's Counsel's vigorous and efficient prosecution of this Action resulted in an excellent recovery for the Class.

### (5) The Results Achieved Justify the Requested Fee

The recovery achieved in this Action speaks for itself. It was obtained in the face of the many complexities and risks discussed above and in the Attorney Declaration. Here, Plaintiff's Counsel brought about a Settlement conferring specific and significant benefits to all of Converium's shareholders, namely SCOR's increase of 7.9% of its Offer for increased consideration in excess of $259.6 million. As Defendants expressly acknowledge in the Stipulation, Plaintiff's Counsel's efforts were a causative factor in this result. *See* Atty. Decl. at ¶¶ 31, 40; *see also*, Tr. Decl., Ex. 6 at 5.

The record in this case leaves no doubt that the efforts of Plaintiff's Counsel on behalf of the Class satisfy the requisite causal link between the Action and the benefits conferred on Converium shareholders. In the end, Plaintiff's actions – litigating the claims on behalf of the Class, vigorously communicating his views to Defendants' counsel, and negotiating a Settlement that provided for additional consideration in the Offer and the extension of the same consideration to American investors– resulted in a significant benefit to the Class.

Plaintiff's Counsel's services to obtain the benefits achieved through the Settlement required a high level of experience and expertise in shareholder litigation and the ability to provide expert services against Defendants represented by a highly-regarded defense firm. These efforts included pre-suit investigation of the facts and careful analyses of the complex and detailed proposed Offer transaction, drafting the complaint; reviewing voluminous documents, including the disclosure documents and conducting detailed analysis of documents, produced by Defendants and their advisors; travel to France to review additional documents; and preparing for and conducting interviews of (1) François de Varenne, Group Chief Operating Officer of

SCOR, and (2) James Root, former Head of Investor Relations, in connection with the Offer. Plaintiff's counsel have spent over 986 hours and incurred in excess of $47,000 in expenses in connection with these efforts.

Furthermore, the subject matter of the case was complex and required an extensive effort by Plaintiff's Counsel to master the complex financial information, foreign legal issues concerning tender offers and facts to meaningfully work with their financial expert and negotiate with Defendants' counsel. The Settlement proposed herein was obtained only because of Plaintiff's Counsel's successful effort to develop and master the facts in an expeditious and professional manner.

### (6) Public Policy Considerations Support the Requested Fee

Individuals wronged by violations of corporate law should have reasonable access to counsel with the ability and experience necessary to analyze and litigate complex cases. The costs and fees involved in such litigation often substantially outweigh the economic interests the individual shareholder has at stake. Moreover, such individuals rarely have the financial resources to pay customary, fixed hourly rates for such services. The complexity and the societal importance of shareholder litigation require the involvement of the most able counsel obtainable. To encourage first-rate attorneys to represent shareholders on a contingent basis in this type of socially important litigation, attorneys' fees awarded and out-of-pocket expenses reimbursed should reflect this goal.

### b. The Requested Fee is Reasonable under the Percentage-Based Method

Although, under the circumstances of this case, the fee application is plainly justified as a negative multiple of lodestar, it is also clear that it is fair and reasonable under a percentage analysis. The percentage-based fee requested here represents less than <u>one percent</u> of the

7

increased offer to Converium shareholders. As this Court knows, cases that have resulted in settlements in the hundreds of millions of dollars, courts have awarded fees many times higher than that requested here.[5] When judged against these awards, the actual fee request of $500,000 or less than 1%, negotiated after the results obtained were evaluated, is presumptively reasonable under the percentage method.

           c.      **Plaintiffs' Counsel Should be Reimbursed for Expenses Reasonably Incurred in Connection with this Action**

Reimbursement of expenses to counsel to create a recovery is appropriate. *See In re Arakis Energy Corp., Sec. Litig.*, No. 95 CV 3431, 2001 WL 1590512, at *17 n.12 (E.D.N.Y. Oct. 31, 2001) ("Courts in the Second Circuit normally grant expense requests in common fund cases as a matter of course"); *In re McDonnell Douglas Equip. Leasing Sec. Litig.*, 842 F. Supp. 733, 746 (S.D.N.Y. 1994); *Miltland Raleigh-Durham v. Myers,* 840 F. Supp. 235, 239 (S.D.N.Y. 1993) ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they 'were incidental and necessary to the representation' of those clients") (citation omitted). The Attorney Declaration (¶¶ 66-70) summarizes that Plaintiff's Counsel incurred $47,473.13 in "reimbursable" expenses on behalf of the Class in the prosecution of the Action. The expenses incurred were essential to the successful prosecution and resolution of this Action, and are to be paid over and above the consideration paid to the Class.

---

[5] *See, e.g., In re Lucent Techs., Inc Sec. Litig,,* 327 F. Supp. 2d 426 (D.N.J. 2004) (17% fee awarded on recovery of $517 million); *In re DaimlerChrysler AG Sec. Litig.,* No. 00-0993 (KAJ) (D. Del. Feb. 5, 2004) (22.5% fee awarded on recovery of $300 million) (Attached hereto as Exhibit 1); *In re Oxford Health Plans, Inc. Sec. Litig.,* 2003 U.S. Dist. Lexis 26795, MDL 1222 (S.D.N.Y. June 12, 2003) (28% fee awarded on recovery of $300 million); *see also Lucent,* 327 F. Supp. 2d at 439-41 (compiling cases).

V.  **CONCLUSION**

Accordingly, for the reasons and upon the authorities set forth above, Plaintiff respectfully requests that the Court approve the request for attorneys' fees in the amount of $500,000 and reimbursement of expenses in the amount of $47,473.13.

Dated: February 4, 2008                             Respectfully submitted,

**WEISS & LURIE**

By: ___s/ Joseph H. Weiss_____
    Joseph H. Weiss (JW-4534)
    James E. Tullman (JT-9597)
    David C. Katz (DK-6235)
    551 Fifth Avenue
    New York, NY  10176
    Telephone:  (212) 682-3025
    Facsimile:  (212) 682-3010


**RIGRODSKY & LONG, P.A.**
Seth D. Rigrodsky (SR-9430)
Brian D. Long
919 N. Market Street, Suite 980
Wilmington, DE 19803
Telephone:  (302) 295-5310
Facsimile:  (302) 654-7530

*Counsel for Plaintiff and the Class*