UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEIL L. SCLATER-BOOTH, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>v.<br><br>SCOR, S.A., and PATINEX AG,<br><br>                Defendants. | Civil Action No. 07-CV-3476 (GEL) |

### AFFIDAVIT OF JOSEPH H. WEISS IN SUPPORT OF THE PROPOSED SETTLEMENT AND FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES FILED ON BEHALF OF WEISS & LURIE

STATE OF NEW YORK    )
                                 ) ss.:
COUNTY OF NEW YORK  )

JOSEPH H. WEISS, being first duly sworn, deposes and says:

1. I am a member of the law firm of Weiss & Lurie. I submit this affidavit in support of the proposed settlement and Plaintiff's Counsel's application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation.

2. My firm served as one of the counsel for the Plaintiff and the Class in this class action. The tasks undertaken by my firm can be summarized as follows: pre-filing research and investigation of the potential claims and damages suffered by the Class; drafting and filing the class action complaint; conducting discovery, including the review of thousands of pages of

documents produced in the United States and France and the interviews, in Paris, of two high-ranking officials of SCOR who had intimate knowledge of the transaction and Swiss takeover rules; monitoring of factual developments and litigation process; conferences with counsel; pursuing the claims alleged in the action; researching the particular legal issues concerning the transaction; negotiating the settlement on behalf of the Class, including the drafting of the Stipulation and Agreement of Settlement and notice to the Class; and client telephone calls and other shareholder communications concerning the litigation and the settlement.

3. The schedule attached hereto as Exhibit A is a detailed summary indicating the amount of time spent by each attorney and paralegal of my firm who was involved in this litigation, and the lodestar calculation based on my firm's current billing rates. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

4. The hourly rates for the attorneys in my firm included in Exhibit A are the rates in other securities and shareholder litigation.

5. The total number of hours expended on this litigation by my firm is 559.75 hours. The total lodestar for my firm is $318,512.50, consisting of $314,530.00 for attorneys' time and $3,982.50 for professional support staff's time.

6. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7. As detailed in Exhibit B, my firm has incurred a total of $33,627.05 in un-reimbursed expenses in connection with the prosecution of this litigation.

8. The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.

9. With respect to the standing of counsel in this case, attached hereto as Exhibit C is a brief biography of my firm and attorneys in my firm who were principally involved in this litigation.

_____
JOSEPH H. WEISS

Sworn to before me this
4th day of February, 2008

_____
Notary Public

MARY A. NASTASI
NOTARY PUBLIC, State of New York
No. 01NA6049406
Qualified in New York County
Commission Expires Oct. 10, 2010

# EXHIBIT A

## Converium Holding AG Securities Litigation

## Weiss & Lurie

## Time Report from Inception to Present

SP=Senior Partner; Pr=Principal; A=Associate; PL=Paralegal

| NAME | STATUS | HOURLY RATE | HOURS | TOTAL LODESTAR |
|---|---|---|---|---|
| Joseph H. Weiss | SP | $775.00 | 62.50 | $48,437.50 |
| James E. Tullman | Pr | $640.00 | 203.00 | $129,920.00 |
| David C. Katz | Pr | $635.00 | 37.50 | $23,812.50 |
| Jack I. Zwick | Pr | $615.00 | 54.75 | $33,671.25 |
| Mark D. Smilow | Pr | $615.00 | 23.00 | $14,145.00 |
| Joshua M. Rubin | A | $395.00 | 147.50 | $58,262.50 |
| Michael Rogovin | A | $375.00 | 16.75 | $6,281.25 |
| Mary A. Nastasi | PL | $270.00 | 11.00 | $2,970.00 |
| Jerry Silver | PL | $270.00 | 3.75 | $1,012.50 |
| | | | | |
| **Total Lodestar** | | | **559.75** | **$318,512.50** |

# EXHIBIT B

## Converium Holding AG Securities Litigation

## Weiss & Lurie

## Expense Report from Inception Through Present

| CATEGORIES | AMOUNT |
|---|---:|
| Court Filing Fees | $350.00 |
| Local Travel, Parking | $154.00 |
| Computer Research/Lexis | $1,247.00 |
| Travel/Airfares/ Hotel/ Meals/Car Service | $9,854.64 |
| In-House and Outside Copy Services/Overnight Mail/Postage | $4,281.77 |
| Telephone, Telecopy and Misc. | $2,739.64 |
| Consultant/Expert | $15,000.00 |
|  |  |
| **TOTAL** | **$33,627.05** |

# EXHIBIT C

# WEISS & LURIE

The Fred French Building
551 Fifth Avenue
New York, New York 10176
TEL (212) 682-3025
FAX (212) 682-3010

New York   Los Angeles

## FIRM BIOGRAPHY

The law firm of Weiss & Lurie has offices in New York City and Los Angeles. In courts throughout the United States, the firm has litigated hundreds of stockholder class actions brought for violations of federal securities laws and shareholder class and derivative actions brought for violations of corporate and fiduciary duties. The firm also represents consumers in several class actions in the area of consumer fraud and unfair practices. The firm has served as lead counsel in numerous actions on behalf of defrauded institutions and individuals for whom it has recovered well over a billion dollars.

Numerous courts have commended the firm for its expertise and ability:

In <u>Brody v. U.S. West, et al.</u>, No. CV-4142 (D. Colo.), Judge Coughlin observed that the case "was litigated by extremely talented lawyers" and "it took a great deal of skill to get to the point of trial." Referring to the firm, Judge Coughlin stated "there wasn't any other lawyers in the United States that took the gamble that these people did. Not one other firm anywhere said, 'I am willing to take that on'…[the shareholders are] fortunate that they had some lawyers that had the guts to come forward and do it…I had the opportunity to watch these attorneys throughout this period of time when I had this case and the [lawyers'] ability is terrific."

In <u>In re McLeodUSA Inc. Securities Litigation</u>, No. C02-0001-MWB (N.D. Iowa), Chief Judge Mark Bennett stated at the final approval hearing: "I thought you all did a great job in this litigation" and "I think very highly of the work that all the lawyers did in the case, and [I am] pleased that you were able to get it resolved."

**WEISS & LURIE**

In <u>Ellison v. American Image Motor, et al.</u>, Civil Action No. 97-3608 (S.D.N.Y.), Judge Chin, approving the settlement and fee application, commented that "It has been many years. The case was hard fought, very capable counsel on both sides, and I saw counsel many times. It was a hard fought case. It was a difficult case."... "It's probably not said very often, but in this case I think plaintiffs' counsel are being under paid." ... "Counsel did a great job..."

In <u>In re United Telecommunications, Inc. Securities Litigation</u>, No. 90-2251-0 (D. Kan.), Judge O'Conner stated "the court finds that plaintiffs' counsel were experienced and qualified attorneys with outstanding professional reputations in securities litigation who ably and zealously prosecuted the instant case on behalf of the class."

In <u>In re VeriFone Inc. Securities Litigation</u>, No. C-93-3640 DCJ (N.D. Cal.), Judge Jensen stated "I think the case was handled extremely well, extremely professionally, so I think you've done very well."

In <u>In re Western Digital Securities Litigation</u>, SACV 91-375(A) GLT (RWRx) (C.D. Cal.), Judge Taylor complimented plaintiffs' attorneys' work in the action, specifically noting "the caliber of the work involved [and] the quality of the attorneys involved."

In <u>Georgallas v. Martin Color-Fi, Inc.</u> Civil Action No. 6:95-06483 (D.S.C.), Judge Anderson expressed "the utmost respect" for the work of the firm.

In <u>Bash v. Diagnostek</u>, CV 94-794 M (D.N.M.), Judge Black said the case provided "a model for how commercial litigation should be conducted and can be resolved."

In <u>In re National Medical Enterprises Litigation</u>, CV 93-5223-TJH and CV 93-5313-TJH (C.D. Cal.), Judge Hatter summed up the settlement hearing by saying, "I want to again thank counsel for the work that you put into this and hopefully it's a settlement for which the claimants themselves will be appreciative of the results."

WEISS & LURIE

In In re Santa Fe Southern Pacific Corporation, Consold. Civ. No. 9523 (Del. Ch.), Chancellor Allen of the Delaware Chancery Court approved a settlement and cited the creativity and sophistication of plaintiffs' counsel.

Some of the actions which highlight the firm's accomplishments are:

**CASES IN WHICH WEISS & LURIE WAS LEAD OR CO-LEAD COUNSEL**

Jordan v. California Department of Motor Vehicles (Sacramento Cal.): The California Court of Appeal, Third Appellate District, held that the State of California's $300 smog impact fee was unconstitutional, paving the way for the creation of a $665 million fund and full refunds, with interest, to 1.7 million motorists.

In re Geodyne Resources, Inc. Securities Litigation (Harris Cty. Tex.): A recovery (including related litigation) totaling over $200 million was obtained for the class.

Freddie Mac Derivative Litigation (S.D.N.Y.): Approximately $100 million was recovered for the Company and significant corporate governance measures were adopted.

Brody v. U.S. West, et al., (D. Colo.): A recovery of $50 million was obtained for the class.

In re Tenneco Securities Litigation (D. Tex.): A recovery of $50 million was obtained for the class.

In re Community Psychiatric Center Securities Litigation (C.D. Cal.): A recovery of $42.5 million was obtained for the class.

In re Crazy Eddie Securities Litigation (S.D.N.Y.): A recovery of $42 million was obtained for the class.

In re Apria Healthcare Group Securities Litigation (Orange County Cal.): A recovery of $42 million was obtained for the class.

In re Canon Group Securities Litigation (C.D. Cal.): A recovery of $33 million was obtained for the class.

In re Platinum Software Securities Litigation (C.D. Cal.): A recovery of $32 million was obtained for the class.

In re McLeodUSA Inc. Securities Litigation, (N.D. Iowa): A recovery of $30 million was obtained for the class.

In re United Telecommunications Securities Litigation (D. Kan.): A recovery of $28 million was obtained for the class.

In re Bergen Brunswig Corp. Sec. Litig., (C.D. Cal.): A recovery of $27.9 million was obtained for the class.

WEISS & LURIE

> In re Bank of New York Derivative Litigation (Sup. Ct. NY): A recovery of $26.5 million was obtained for the Company and significant corporate governance measures were adopted.
>
> In re FirstEnergy Shareholder Derivative Litigation (N.D. Ohio): A recovery of $25 million was obtained for the Company and significant corporate governance measures were adopted.
>
> In re Vodafone Group, PLC Securities Litigation (S.D.N.Y.): A recovery of $24.5 million was obtained for the class.
>
> In re Abbey Healthcare Securities Litigation (C.D. Cal.): A recovery of $20.5 million was obtained for the class.
>
> Feinberg v. Hibernia Corp. (D. La.): A recovery of $20 million was obtained for the class.
>
> In re Southern Pacific Funding Corp. Sec. Litig., (D. Or.): A recovery of $19.5 million was obtained for the class.
>
> In re Aura Systems, Inc. Securities Litigation (C.D. Cal.): A recovery of $18 million was obtained for the class.
>
> In re MK Rail Securities Litigation (D. Idaho): A recovery of $14.65 million was obtained for the class.
>
> In re California Microwave Securities Litigation (N.D. Cal.): A recovery of $14 million was obtained for the class.
>
> In re KeySpan Corporation Securities Litigation (E.D.N.Y.): A recovery of $13.75 million was obtained for the class.
>
> In re Elscint Ltd Securities Litigation (D. Mass.): A recovery of $12 million was obtained for the class.
>
> Bash v. Diagnostek (D.N.M.): A recovery of $11.7 million was obtained for the class.
>
> In re Megafoods Securities Litigation (D. Ariz.): A recovery of $12 million was obtained for the class.
>
> In re GTECH Securities Litigation (D.R.I.): A recovery of $10.25 million was obtained for the class.
>
> In re Complete Management, Inc. Securities Litigation (S.D.N.Y.): A recovery of $10.15 million was obtained for the class.
>
> Berlinsky v. Alcatel (S.D.N.Y.): A recovery of $8.8 million was obtained for the class.
>
> Lopez v. Checkers Drive-In Restaurants, Inc. (M.D. Fl.): A recovery of over $8.175 million was obtained for the class.
>
> In re Mesa Airlines Securities Litigation (D.N.M.): A recovery of $8 million was obtained for the class.
>
> In re Resound Securities Litigation (N.D. Cal.): A recovery of $8 million was obtained for the class.

**WEISS & LURIE**

In re Castle Energy Corp. Securities Litigation (C.D. Cal.) A recovery of $7.5 million was obtained for the class.

In re Western Digital, Inc. Securities Litigation (C.D. Cal.): A recovery of $6.75 million was obtained for the class.

In re Circle K Securities Litigation (D. Ariz.): A recovery of $6 million was obtained for the class.

In re Aura Systems, Inc. Securities Litigation (C.D. Cal.): A recovery of $5.55 million was obtained for the class.

In re Ascend Communications Securities Litigation (C.D. Cal.): A recovery of $5.45 million was obtained for the class.

In re Southmark Securities Litigation (D. Tex.): A recovery of $5 million was obtained for the class.

In re WCT Securities Litigation (C.D. Cal.): A recovery of $5 million was obtained for the class.

In re Sumitomo Bank of California Securities Litigation (San Francisco Sup. Ct.): A recovery of $4.95 million was obtained for the class.

In re NextLevel Systems, Inc. Securities Litigation (N.D. Ill.): A recovery of $4.6 million was obtained for the class.

In re Shopping.com Securities Litigation (C.D. Cal.): A recovery of $4.5 million was obtained for the class.

In re Denver Bonds Securities Litigation (D. Colo.): A recovery of $4.5 million was obtained for the class.

In re Molecular Dynamics, Inc. Securities Litigation (N.D. Cal.): A recovery of $4 million was obtained for the class.

In re Party City Corp. Securities Litigation (D.N.J.): A recovery of $3.8 million was obtained for the class.

In re Iwerks Securities Litigation (C.D. Cal.): A recovery of approximately $3.5 million was obtained for the class.

In re Daystar, Inc. Securities Litigation (C.D. Cal.): A recovery of $3.4 million was obtained for the class.

In re Trident Securities Litigation (N.D. Cal.): A recovery of $3.15 million was obtained for the class.

In re Twinlab Corp. Securities Litigation (E.D.N.Y.): A recovery of $3 million was obtained for the class.

WEISS & LURIE

<u>In re Offshore Pipelines Securities Litigation</u> (S.D.N.Y.): A recovery of $3 million was obtained for the class.

<u>Gorga v. Uniroyal Chemical Corp.</u> (Sup. Ct. Conn.): A recovery of $3 million was obtained for the class.

<u>In re Amylin Pharms. Securities Litigation</u> (S.D. Cal.): A recovery of $2.1 million was obtained for class.

**CLASS AND DERIVATIVE ACTIONS HANDLED BY WEISS & LURIE WHERE A SIGNIFICANT BENEFIT WAS OBTAINED FOR THE COMPANY AND/OR THE SHAREHOLDERS**

<u>In re Santa Fe Southern Pacific Corporation</u> (Del. Ch.).

<u>In re Genentech Shareholder Litigation</u> (N.D. Cal.).

<u>In re Beverly Enterprises Shareholder Litigation</u> (Del. Ch.).

<u>In re Tandon Computer Shareholder Litigation</u> (C.D. Cal.).

<u>In re Sears Shareholder Litigation</u> (D. Ill.).

<u>In re Xoma Shareholder Litigation</u> (N.D. Cal.).

<u>In re Castle Energy Corp. Shareholder Litigation</u> (C.D. Cal.).

<u>In re Times-Mirror, Inc. Shareholder Litigation</u> (C.D. Cal.).

<u>In re Lockheed Corp. Shareholder Litigation</u> (C.D. Cal.).

<u>In re Nexgen Securities Litigation</u> (N.D. Cal.).

<u>In re GT Greater Europe Securities Litigation</u> (N.D. Cal.).

<u>In re Pairgain Securities Litigation</u> (S.D. Cal.).

<u>In re AMI Securities Litigation</u> (L.A. Superior).

<u>Wallace v. Fox, et al. (Northeast Utilities)</u> (D. Conn.).

6

WEISS & LURIE

## BRIEF BIOGRAPHIES OF WEISS & LURIE ATTORNEYS

**JOSEPH H. WEISS** is the Senior Partner of Weiss & Lurie. Mr. Weiss is a 1972 graduate of Columbia University Law School, where he was an editor of the Law Review. He is also a 1972 graduate of Columbia University Graduate School of Business from which he obtained a Masters in Business Administration. Mr. Weiss is a member of the Bar of the State of New York and is admitted to practice in the Southern District of New York, the Eastern District of New York, the Courts of Appeal for the First, Second, Third, Ninth and Federal Circuits, and has been admitted to practice in numerous other federal and state courts. He specializes in prosecuting class and derivative actions throughout the United States and has been appointed lead counsel and successfully concluded numerous such actions.

**JORDAN L. LURIE** is a partner in the Los Angeles office. Mr. Lurie received his law degree in 1987 from the University of Southern California Law Center where he was Notes Editor of the University of Southern California Law Review. He received his undergraduate degree from Yale University in 1984 (*cum laude*). Mr. Lurie has participated in all aspects of class actions. Mr. Lurie is the co-author of "Postponing a Municipal Court Election: The November Election Provision of Government Code Section 71180(b)," California Courts Commentary, November 1989; co-author of "Chapter 54 - Consent Judgment" and "Chapter 55 - Submitted Case," Civil Procedure Before Trial (1990), published by California Continuing Education of the Bar; and author of "Rx for Pharmacy Malpractice: California's New Duty to Consult," CEB Civil Litigation Reporter, December 1991.

Mr. Lurie also has been a featured speaker at California Mandatory Continuing Legal Education seminars regarding securities fraud and class actions. Mr. Lurie is a member of the State Bar of California and is admitted to practice before the United States District Courts for the Northern, Southern, Central and Eastern Districts of California.

**MOSHE BALSAM** is a principal and senior attorney in the New York office. He graduated from Brooklyn Law School in 1981 with a specialty in securities law. He was admitted to the New York

WEISS & LURIE

State Bar in 1982. Mr. Balsam is also a member of the bars of the United States District Courts for the Southern and Eastern Districts of New York and has been admitted to practice before various other state and federal courts. He has participated in all aspects of numerous class action and shareholder derivative cases.

**DAVID C. KATZ** is a principal and senior attorney in the New York office. He is a 1988 Graduate of Benjamin N. Cardozo School of Law. He is admitted to the New York State Bar and the United States District Courts for the Southern and Eastern Districts of New York. He is experienced in all aspects of securities class and derivative litigation at both the trial and appellate level, and leads the firm's efforts devoted to enhancing corporate governance.

**JOSEPH D. COHEN** is a principal and senior attorney in the New York office. He graduated from Case Western Reserve University School of Law in May 1989, where he received an award for excellence in Business Law. He received an LL.M in Corporate law from New York University in 1990. Mr. Cohen has co-authored several articles: "Mitsubishi and Shearson: A Misplaced Trust in Arbitration," New England Business Law Journal, 1990; "The Effects of Tax Reform on Golden Parachutes," North Atlantic Regional Business Law Review, August 1988; "Dual Class Common Stock and Its Effects on Shareholders and Legislators," American Business Law Association National Proceedings, August 1988.

Mr. Cohen is admitted to the State Bars of California and Rhode Island, as well as the District of Columbia and the United States District Courts for the Central, Southern and Northern Districts of California.

**JAMES E. TULLMAN** is a principal and senior attorney in the New York office. He graduated from the University of Delaware (B.A., 1988), and The Jacob D. Fuchsburg Law Center of Touro College (J.D., 1991), where he was an editor of the Journal of the Suffolk Academy of Law, Touro College, 1990-1991. Mr. Tullman is admitted to the state bars of Connecticut, New York, and California,

8

WEISS & LURIE

as well as the United States District Courts for the Southern and Eastern Districts of New York, the Northern, Central and Southern Districts of California, and the United States Court of Appeal for the Ninth and Third Circuit.

**RICHARD A. ACOCELLI** is a principal and senior attorney in the New York Office. He received his law degree in 1990 from St. John's University School of Law. He is admitted to the State Bar of New York and the United States District Courts for the Southern and Eastern Districts of New York and the Eastern District of Michigan.

**JACK I. ZWICK** is a principal and senior attorney in the New York Office. He received his law degree in 1993 from Benjamin N. Cardozo School of Law. He is admitted to the New York State Bar and the United States District Courts for the Southern and Eastern Districts of New York.

**LEIGH A. PARKER** is a principal and senior attorney in the Los Angeles office. She graduated from Indiana University (B.A. 1981), received her M.B.A. from the American Graduate School of International Management in 1982 and graduated from Loyola Law School in 1993, where she was a member of the Scott Moot Court Honors Board. She is admitted to the Bar of the State of California and the United States District Courts for the Central, Northern, Southern and Eastern Districts of California, as well as the Ninth Circuit Court of Appeals.

**MARK D. SMILOW** is a principal and senior attorney in the New York office. He graduated Benjamin N. Cardozo School of Law in 1993, *magna cum laude*, where he was a member of the Cardozo Law Review. He is admitted to the New York and New Jersey State Bars, and the United States District Courts for the Southern and Eastern Districts of New York. He has also been admitted in other courts throughout the nation for particular cases. He has litigated all aspects of numerous class, shareholder, derivative and consumer class actions in both trial and appellate courts.

**ZEV B. ZYSMAN** is an associate in the Los Angeles office. He graduated from the University of Southern California (B.A. 1991), and received his law degree from the University of California,

9

WEISS & LURIE

Hastings College of the Law (J.D. 1994). Mr. Zysman is admitted to the Bar of the State of California and the United States District Court for the Central District of California.

**JULIA J. SUN** is an associate in the New York office. She received her B.A. in Political Science from Barnard College, Columbia University in 1998 and her J.D. from Brooklyn Law School in 2003. Ms. Sun is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**ILYA NUZOV** is an associate in the New York office. He received his B.S. in Finance from Rutgers University in 2001 and his J.D. from Brooklyn Law School in 2004. During law school, Mr. Nuzov worked at the State of New Jersey Office of the Attorney General, Bureau of Securities. Mr. Nuzov is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**JOSHUA M. RUBIN** is an associate in the New York office. He received a Bachelor of Talmudic Law from Ner Israel Rabbinical College in 2002 and his J.D. from Benjamin N. Cardozo School of Law in 2005. Mr. Rubin is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York. He is also an arbitrator qualified by the New York State Dispute Resolution Association and an emergency medical technician.