UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEIL L. SCLATER-BOOTH, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>SCOR, S.A., and PATINEX AG,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-CV-3476 (GEL)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF BRIAN D. LONG, ESQUIRE

STATE OF DELAWARE    )
              ) ss.
COUNTY OF NEW CASTLE  )

   I, Brian D. Long, hereby swear upon penalty of perjury that the following statements are true and correct to the best of my knowledge, information and belief:

   1.  I am a shareholder in the law firm of Rigrodsky & Long, P.A. ("Rigrodsky & Long"). I submit this Affidavit in Support of Rigrodsky & Long's application for an award of attorneys' fees in connection with services rendered, as well as the reimbursement of expenses incurred by my firm in connection with the above-captioned action (the "Action").

   2.  Rigrodsky & Long is one of plaintiff's counsel in the Action, along with Weiss & Lurie.

   3.  Rigrodsky & Long accepted this case on a contingency fee basis. Since the inception of the matter, my firm has worked on this matter without compensation.

   4.  The settlement contemplated in the Stipulation and Agreement of Settlement between the parties, dated May 24, 2007, provided for (i) an increase to the

cash portion of the Offer Price from CHF 4.00 to CHF 5.50 and (ii) not to reduce the Offer Price by the amount of the dividend of CHF 0.20 per Converium share adopted by the shareholders' meeting on May 10, 2007, which represents an aggregate price increase of 7.9% or $259.6 million. In addition, defendants agreed not to object to an application by plaintiff's counsel of up to of $500,000 in attorneys' fees and reimbursement of expenses incurred in connection with the Settlement not to exceed $50,000.

5. Time expended in preparing this Affidavit in support of my firm's application for fees and reimbursement of expenses has not been included in this request.

6. The total number of hours expended on this litigation by my firm is 426.75 hours. Based on Rigrodsky & Long's regular 2007 billable rates for contingent fee cases of a similar complexity, the total hourly rate for this case would total:

| Professional | Status | Rate | Total Hours | Total |
|---|---|---|---|---|
| Rigrodsky, S. | Shareholder | 650 | 120.25 | $78,162.50 |
| Long, B. | Shareholder | 500 | 197.50 | $98,750.00 |
| Wortman, N. | Senior Paralegal | 270 | 78.50 | $21,195.00 |
| Holbrook, C. | Paralegal | 230 | 30.50 | $7,015.00 |
| Totals | | | 426.75 | $205,122.50 |

7. My firm incurred a total of $13,846.08 in un-reimbursed expenses in connection with the prosecution of this litigation, broken down as follows:

| Description | Amount |
|---|---|
| Photocopying | $2,012.25 |
| Telephone | $890.16 |
| Computer Research | $86.95 |
| Travel and Meals | $10,856.72 |
| Total | $13,846.08 |

8.  The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials, and accurately record the expenses incurred.

9.  Attached hereto as Exhibit A is a true and correct copy of my Firm's resume.

Further, Affiant sayeth naught.

_____
Brian D. Long

SUBSCRIBED AND SWORN
Before me this 4th day of February, 2008

_____
Notary Public

My Commission Expires: _____

NOAH R. WORTMAN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires April 4, 2008

3