# EXHIBIT A

**RIGRODSKY & LONG, P.A.**
ATTORNEYS AT LAW

919 NORTH MARKET STREET, SUITE 980
WILMINGTON, DELAWARE 19801

SETH D. RIGRODSKY*
BRIAN D. LONG**

*ALSO ADMITTED IN NY
**ALSO ADMITTED IN PA

TELEPHONE (302) 295-5310
FACSIMILE (302) 654-7530
WWW.RIGRODSKYLONG.COM

## *Firm Resume*

### THE FIRM

Rigrodsky & Long, P.A. (the "Firm"), is a law firm specializing in the representation of institutional and individual shareholders in corporate and securities class action litigation, in addition to shareholder derivative litigation. The Firm's offices are located in Wilmington, Delaware, and a significant portion of its practice involves litigation in the Delaware Court of Chancery. The Firm's practice is not limited to Delaware, however, as its principals have and will continue to litigate cases in state and federal courts throughout the United States. The founders of the firm are attorneys with a combined twenty-four years of progressive and responsible experience both conducting complex corporate and class action litigation and managing the day-to-day affairs of a law office.

The mission of the Firm is to provide legal services of the highest quality to shareholders of both private and publicly-traded corporations in litigation involving corporate governance, shareholder rights, and violations of federal and state securities laws through the dedicated efforts of a team of highly skilled professionals working together, using common sense, and drawing upon significant expertise and practical experience.

### THE FIRM'S PRINCIPALS

*Seth D. Rigrodsky* has over sixteen years of exceptional legal experience. Mr. Rigrodsky is a *magna cum laude* graduate of both Brandeis University and the Georgetown University Law Center. While at Georgetown, he served as Articles Editor of the *Georgetown Law Review*. Mr. Rigrodsky began his legal career as a law clerk to the Honorable Andrew G.T. Moore, II, of the Delaware Supreme Court. Following his clerkship, Mr. Rigrodsky was associated with the law firms of Wachtell, Lipton, Rosen & Katz in New York City, and Morris, Nichols, Arsht & Tunnell in Wilmington, Delaware, where he concentrated his practice on corporate and complex business litigation. In 1994, Mr. Rigrodsky joined Morris and Morris in Wilmington, Delaware, where he became a partner beginning in

January 2000, and represented investors in numerous federal and state class and shareholder derivative lawsuits. Mr. Rigrodsky joined Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss") in 2001 and founded its Delaware office. Mr. Rigrodsky is a member of the bars of the States of Delaware and New York, the United States District Courts for Delaware and the Southern District of New York, and the United States Courts of Appeals for the Second, Third and Fourth Circuits

*Brian D. Long* is in his eighth year of representing plaintiffs in complex class action litigation in state and federal courts throughout the nation. Mr. Long is a graduate of Franklin & Marshall College in Lancaster, Pennsylvania, and of the Duquesne University School of Law in Pittsburgh, Pennsylvania. Upon graduation from law school, Mr. Long associated with the firm of Roda & Nast, P.C., also in Lancaster, where he litigated mass tort, consumer fraud, and antitrust class action litigation. After three years at Roda & Nast, Mr. Long moved to the Wilmington, Delaware office of Chimicles & Tikellis, LLP. While at the Chimicles firm, Mr. Long focused his practice on litigating both transactional and shareholder derivative cases in the Delaware Court of Chancery. In addition to litigating that firm's proprietary cases, Mr. Long also gained valuable experience serving as local counsel to out-of-town firms. In March of 2005, Mr. Long moved to the Wilmington office of Milberg Weiss, where he represented both institutional and individual investors in complex corporate litigation. Mr. Long became a principal of Rigrodsky & Long, P.A., upon its founding in June, 2006. Mr. Long is admitted to practice before the bars of the State of Delaware and the Commonwealth of Pennsylvania. He also is admitted to practice in the United States Court of Appeals for the Third Circuit and the United States District Courts for the Eastern and Western Districts of Pennsylvania and the District of Delaware.

SELECT FIRM LEADERSHIP ROLES

*Babus v. Targoff, et al.,*
Index No. 06/603842 (N.Y. Sup. Ct.)

Rigrodsky & Long serves as Co-Lead Counsel in this shareholder derivative action brought on behalf of nominal defendant Loral Space & Communications, Inc. ("Loral") against its entire board of directors for breaches of their fiduciary duties, including the fiduciary duty of loyalty in connection with the Company's agreement to sell $300 million in new convertible perpetual preferred stock to the Company's largest shareholder, MHR Fund Management LLC ("MHR"). Plaintiff alleges that defendants' wrongful conduct has significantly and

materially damaged the Company. By entering into the Proposed Transaction with MHR on the present terms, and without performing any kind of canvass for other potential purchasers, the Company has allegedly improperly favored its largest (36%) shareholder by selling economic and governance control without a shareholder vote and for a below-market price. Given its completely unfair and inadequate price, it is not surprising that just one day after defendants announced the Proposed Transaction, another Loral shareholder announced that it was willing to undertake a similar transaction at least on terms more favorable to the Company, and that it would allow the Company's other significant shareholders (with the exception of MHR) also to participate in the deal. Defendants, acting at the behest of the MHR, alleged to have refused to improve the terms of the Proposed Transaction or to canvass the market to assess whether other entities are willing to enter into a transaction on more favorable terms to Loral.

*David B. Shaev IRA v. Sidhu, et al.,*
No. 00983, *November* Term 2005 (Phila. C.P., Commerce Div.)

Rigrodsky & Long serves as Co-Lead Counsel in this shareholder derivative and class action brought on behalf of the public shareholders of Sovereign Bancorp, Inc. ("Sovereign"). Sovereign recently completed its two-part transaction (the "Santander Transaction") whereby Sovereign sold 19.8% of the Company to Banco Santander Central Hispano, S.A. ("Santander"), and used the proceeds to fund its acquisition of Independence Community Bancorp. Plaintiffs alleged that Sovereign's Board of Directors purposely structured the Santander Transaction to be below the 20% change in control threshold established by the New York Stock Exchange and also for the improper motives of entrenchment, protection of their own self interests, and the improper subversion of a Proxy contest launched by Sovereign's largest shareholder, Relational Investors, LLC. The Board of Directors also simultaneously granted Santander the option to purchase an additional 5% of Sovereign stock after the initial purchase, bringing Santander's ownership above the 20% change in control threshold almost immediately. Moreover, the Company also gave Santander the exclusive right to purchase the entire company.

*Helaba Invest Kapitalanlagegsellschaft mbH v. Fialkow, et al.,*
C.A. No. 2683-N (Del. Ch.)

Rigrodsky & Long serves as Co-Lead Counsel on behalf of Lead Plaintiff Helaba Invest Kapitalanlagegsellschaft mbH in this class action on behalf of the public shareholders of National Home Health Care Corp. ("National Home"). The class action seeks to enjoin the proposed acquisition of National Home by a consortium made up of Angelo, Gordon & Co. and Eureka Capital Partners ("Angelo Gordon") for inadequate consideration. The plaintiff alleged that certain defendants who collectively hold more than fifty percent of the Company's outstanding stock have agreed to vote in favor of the deal and certain of these defendants are also receiving benefits from the Company and Angelo Gordon not shared by the Company's minority, public shareholders. The terms of the Proposed Transaction also reflect a preference for Angelo Gordon and the controlling shareholders in that the deal actually tilts the playing field in favor of this acquirer. For example, the "fiduciary out" contemplated by the Proposed Transaction is at best illusory and provides no real opportunity for a superior proposal from a third party acquirer. Voting agreements executed in conjunction with the Merger Agreement are alleged to actually result in directors who control half of the Company's stock abdicating their fiduciary responsibilities to maximize shareholder value. In addition, the excessive termination fee agreed to by defendants is an unnecessary protection device that amounts to almost 5.5% of the total transaction price. Moreover, the Proposed Transaction has no requirement of approval by a majority of the Company's minority shareholders, despite the fact that controlling shareholders stand on both sides of the deal.

*In re Jacuzzi Brands, Inc. Shareholders Litigation,*
Consol. C.A. No. 2477-N (Del. Ch.)

Rigrodsky & Long served as Court-appointed Co-Lead counsel on behalf of Co-Lead Plaintiff Worcester Retirement System and the class of Jacuzzi Brands shareholders. Among other things, Lead Plaintiffs alleged that the acquisition of Jacuzzi Brands by Apollo Management VI, L.P. was for inadequate consideration and through coercive means. After extensive investigation and discussions with defendants, Rigrodsky & Long negotiated a significant settlement including additional disclosures made by Jacuzzi Brands in its Proxy Statement and amendments to the Merger Agreement challenged in the case.

*In re Lear Corporation Shareholders Litigation,*
Consol. C.A. No. 2728-N (Del. Ch.)

Rigrodsky & Long serves as Co-Chair of Plaintiffs' Executive Committee in this class action brought on behalf of the public shareholders of Lear Corporation ("Lear") in connection with its sale to American Real Estate Partners, L.P. ("AREP"). Rigrodsky & Long represents Classic Fund Management AG (Lear's sixth largest holder) who, along with other significant shareholders, has expressed their grave concern regarding the price AREP is paying to acquire Lear is far below fair value. Despite the opposition voiced by its major institutional shareholders, Lear entered into a merger agreement with AREP wherein the sale process is tilted in favor of AREP. Among other things, Lear cannot terminate the merger agreement without first providing the other bidder's terms to AREP and AREP has the right to top any other offer. As a result, plaintiffs allege that no rival bidder is likely to emerge. Furthermore, the termination provisions are alleged to be excessive. Lear must pay AREP $73,500,000 plus expenses if the deal is terminated before the end of the "Go Shop" period and $85,225,000 plus expenses if the deal is terminated after the "Go Shop" period is over. Moreover, plaintiffs believe that the Company's intrinsic value is more than the $36 per share offered by AREP.

*Plymouth County Retirement System v. MacDermid, Inc.,*
Case No. 2006CV9741 (Colo. Dist. Ct. - Denver County)

Rigrodsky & Long serves as Co-Lead Counsel on behalf of Lead Plaintiff Plymouth County Retirement System and the class of MacDermid, Inc. shareholders. This case is a class action arising form the proposed acquisition of MacDermid, Inc. by Daniel H. Leever (the Company's Chairman and Chief Executive), Court Square Capital Partners II, L.P., and Weston Presidio V, L.P. Among other things, Lead Plaintiff alleges the Company's Proxy does not disclose that the same directors that approved the proposed transaction will in explicably receive more than $17 million for certain options, the amount or value that certain directors will be able to invest entity surviving the proposed transaction, and certain facts and assumptions underlying the opinion and analysis of the investment banker who has claimed that the deal is fair to the Company's public shareholders.

*Rauch v. Mays, et al.,*
No. 2006 CI 17436 (Tex. Dist. Ct. - Bexar County)

Rigrodsky & Long serves as Lead Counsel in this shareholder derivative action brought on behalf of nominal defendant Clear Channel Communications, Inc. Plaintiff alleges that the defendants caused the Company to enter into highly lucrative and wasteful employment contracts with the Company's founder, L. Lowry Mays and his two sons, Board members and defendants, Mark Mays and Randall T. Mays. Plaintiff's complaint further alleges that the Mays family and the other individual defendants used the employment agreements and engaged in other wrongdoing to cause the Company to enter into a merger on terms that benefit the Mays defendants to the detriment of the Company and its non-affiliated shareholders.

*Wilkenfeld v. Knowles, et al.,*
Docket No. L 06445-06 (N.J. Super. Ct. Law Div.)

Rigrodsky & Long serves as Court-appointed Lead Counsel on behalf of a class of Metrologic, Inc. shareholders. This case is a class action that arose from the transaction to cash out the Company's minority shareholders in a merger for inadequate consideration and through coercive means. The Board of Directors unanimously approved Metrologic's acquisition by entities owned and affiliated with Francisco Partners II, L.P., C. Harry Knowles (the Company's founder and Chairman of the Board), Elliott Associates, L.P. and Elliott International, L.P. ("Elliott"). C. Harry Knowles and Elliott (the "Knowles Group") are together controlling shareholders of Metrologic. The Knowles Group entered into voting agreements to vote their 49% in favor of the deal in addition to an undisclosed group of the Company's directors and executive officers that agreed to vote their 1.1% in favor of the deal. Therefore, 50.1% of the shares were contractually committed to voting in favor of the transaction. Furthermore, the Proxy allegedly failed to disclose that even though the Knowles Group was receiving the same consideration for their shares being cashed out, they were also receiving additional consideration for the shares that they rolled over for equity in the surviving entity.