# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NEIL L. SCLATER-BOOTH, Individually and :
on Behalf of All Others Similarly Situated,      07 Civ. 3476 (GEL)
                                :
            Plaintiff,
                                :
    - against --
                                :
SCOR S.A. AND PATINEX AG,
                                :
            Defendants.
------------------------------------------------------------x

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into by plaintiff Neil L. Sclater-Booth ("Plaintiff") on behalf of himself and the Class (as hereinafter defined) and defendant SCOR S.A. ("SCOR"), by and through their respective counsel.

WHEREAS:

A.     On May 1, 2007, Plaintiff filed a class action complaint in the action captioned Neil L. Sclater-Booth v. SCOR S.A. and Patinex AG, Civil Action No. 07 CV 3476 (GEL) (S.D.N.Y.) (the "Action") alleging that SCOR and defendant Patinex AG ("Patinex") failed to comply with certain disclosure requirements imposed by the United States securities laws in connection with SCOR's public tender offer in Switzerland for all publicly held registered shares of Converium Holding AG ("Converium"). More specifically, the Class Action Complaint (as hereinafter defined) alleges that (i) the Offer (as hereinafter defined) has triggered the application of the provisions of the Securities and Exchange Act of 1934 (the "Exchange Act") governing tender offers, and that SCOR has violated section 14(d) of the Exchange Act, which requires

certain disclosures in connection with tender offers, and section 14(e) of the Exchange Act, which prohibits fraudulent, deceptive, or manipulative acts in connection with tender offers; and (ii) SCOR and Patinex violated Section 13(d) of the Exchange Act, by failing to disclose that SCOR and Patinex "acted as a group" in connection with the Offer.

B. On May 3, 2007, SCOR accepted service of the Class Action Complaint and Co-Lead Counsel for the Class (as hereinafter defined) agreed to adhere to the schedule established in the Converium Action (as hereinafter defined). Pursuant to that agreement SCOR provided to Co-Lead Counsel for the Class the approximately 30,000 pages of documents it had produced in discovery in the Converium Action. Patinex has not been served with the Class Action Complaint.

C. The allegations made in the Class Action Complaint are substantially similar to those made in a complaint filed by Converium on April 16, 2007 against SCOR and Patinex in an action captioned Converium Holding AG v. SCOR S.A. and Patinex AG, Civil Action No. 07 CV 3042 (GEL) (S.D.N.Y.) (the "Converium Action").

D. On February 26, 2007, SCOR formally pre-announced the Offer and on April 5, 2007, SCOR issued a Swiss Offer Prospectus relating to the Offer. The Offer Prospectus states, in relevant part, that for each Converium share tendered, SCOR offers "(i) 0.5 New SCOR Shares with nominal value of EUR 7.8769723 each and (ii) CHF 4 in cash" (the "Offer Price").

E. On May 2, 2007, Patinex filed a Schedule 13D with the United States Securities and Exchange Commission ("SEC") disclosing that: (i) on February 16, 2007, it and SCOR entered into a share purchase agreement whereby SCOR agreed to acquire from Patinex, and Patinex agreed to sell to SCOR, 29,020,350 registered shares of Converium at a closing that occurred on April 26, 2007 (the "Closing"); (ii) immediately after the Closing, Patinex sold

1,388,017 shares of SCOR in a privately negotiated transaction; and (iii) following the consummation of the aforementioned transactions, Patinex is the beneficial owner of 9.5% of the share capital of SCOR.

F.   On May 10, 2007, SCOR and Converium announced that they had reached an agreement on the terms and conditions of a friendly transaction in connection with the Offer. As part of that agreement, SCOR agreed (i) to increase the cash portion of the Offer Price from CHF 4 to CHF 5.50 and (ii) not to reduce the offer price by the amount of the dividend of CHF 0.20 per Converium Share adopted by the shareholders' meeting of Converium on May 10, 2007, which represents an aggregate price increase of 7.9%.

G.   On May 10, 2007, Converium voluntarily dismissed with prejudice the Converium Action.

H.   SCOR has denied and continues to deny any wrongdoing whatsoever. This Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of SCOR with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses SCOR has asserted. The parties to this Stipulation recognize, however, that the litigation has been filed by Plaintiff and defended by SCOR in good faith and with adequate basis in fact under Rule 11 of the Federal Rules of Civil Procedure, that the litigation is being voluntarily settled after advice of counsel, and that the terms of the settlement are fair, adequate, and reasonable. This Stipulation shall not be construed or deemed to be a concession by Plaintiff of any infirmity in the claims asserted in the Action.

I.   Co-Lead Counsel for the Class have conducted an investigation relating to the claims and the underlying events and transactions alleged in the Class Action Complaint, which

3

has included, among other things, a review of thousands of pages of documents produced by SCOR. Co-Lead Counsel for the Class have analyzed the evidence adduced during discovery and have researched the applicable law with respect to the claims of Plaintiff and the Class against SCOR and the potential defenses thereto.

J.    Based upon their investigation and pretrial discovery as set forth above, Co-Lead Counsel for the Class have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiff and the other members of the Class, and in their best interests, and has agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that the members of the Class will receive from settlement of the Action, (b) the attendant risks, uncertainties, costs, and delays of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

NOW THEREFORE, without any admission or concession on the part of Plaintiff of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by SCOR, it is hereby STIPULATED AND AGREED, by and among the parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Settled Claims (as hereinafter defined) as against the Released Parties (as hereinafter defined shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions:

## **CERTAIN DEFINITIONS**

1.   As used in this Stipulation, the following terms shall have the following meanings:

(a)   "Class" means, for the purposes of this Settlement only, all United States persons holding shares of Converium and holders of Converium's American Depository Shares. "Class Member" means a member of the Class.

(b)   "Class Action Complaint" means the complaint filed by Neil L. Sclater-Booth, individually and on behalf of all others similarly situated, on May 1, 2007 in the action captioned <u>Neil L. Sclater-Booth v. SCOR S.A. and Patinex AG</u>, Civil Action No. 07 CV 3476 (GEL) (S.D.N.Y.).

(c)   "Co-Lead Counsel for the Class" means the law firms of Weiss & Lurie and Rigrodsky & Long, P.A..

(d)   "Defendants" means SCOR and Patinex.

(e)   "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in paragraph 12 below.

(f)   "Final," with respect to the Order and Final Judgment, means: (a) if no appeal is filed, the expiration date of the time for filing or noticing of any appeal from the Court's Order and Final Judgment approving the Stipulation substantially in the form of Exhibit B hereto, *i.e.*, thirty (30) days after entry of the Order and Final Judgment; or (b) the date of final dismissal of any appeal from the Order and Final Judgment, or the final dismissal of any proceeding on certiorari to review the Order and Final Judgment; or (c) the date of final affirmance on an appeal of the Order and Final Judgment, the expiration of the time to file a petition for a writ of certiorari, or the denial of a writ of certiorari to review the Order and Final

Judgment, and, if certiorari is granted, the date of final affirmance of the Order and Final Judgment following review pursuant to that grant. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any application for attorneys' fees, costs or expenses, shall not in any way delay or preclude the Order and Final Judgment from becoming Final.

(g) "Notice" means notice of the pendency of the Action, the Settlement, the application by Co-Lead Counsel for the Class for an award of attorneys' fees expenses, and the settlement fairness hearing to be conducted by the Court, the form of which shall be agreed between Co-Lead Counsel for the Class and SCOR's Counsel promptly following execution of this Stipulation, and which is to be provided by SCOR to members of the Class substantially in the form agreed. The parties shall confer and agree upon an appropriate means of providing the Notice to the Class, subject to the approval of the Court.

(h) "Offer" means the public tender offer by SCOR in Switzerland for all publicly held registered shares of Converium held by non-U.S. shareholders described in SCOR's Offer Prospectus dated April 5, 2007 (as will be amended) and the pre-announcement of the offer published on February 26, 2007.

(i) "Order and Final Judgment" means a proposed order to be entered approving the Settlement, the form of which shall be agreed between Co-Lead Counsel for the Class and SCOR's Counsel promptly following execution of this Stipulation.

(j) "Order for Notice and Hearing" means a proposed order preliminarily approving the Settlement and directing notice thereof to the Class, the form of which shall be agreed between Co-Lead Counsel for the Class and SCOR's Counsel promptly following execution of this Stipulation.

(k) "Released Parties" means SCOR, its past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, attorneys, advisors, and investment advisors, auditors, accountants, insurers, and any person, firm, trust, corporation, officer, director or other individual or entity in which SCOR has a controlling interest or which is related to or affiliated with SCOR, and the legal representatives, heirs, successors in interest or assigns of SCOR and Patinex, its past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, attorneys, advisors, and investment advisors, auditors, accountants, insurers, and any person, firm, trust, corporation, officer, director or other individual or entity in which Patinex has a controlling interest or which is related to or affiliated with Patinex, and the legal representatives, heirs, successors in interest or assigns of Patinex.

(l) "SCOR's Counsel" means the law firm of Skadden, Arps, Slate, Meagher & Flom LLP.

(m) "Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and unknown claims, (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of, are related to, or are based upon in any way, either directly or

indirectly, in part or in whole, any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Class Action Complaint.

(n)     "Settled Defendant's Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, including both known claims and unknown claims, that have been or could have been asserted in the Action or any forum by SCOR or its legal representatives, heirs, executors, successors, and assigns against the Plaintiff, Class Members and/or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

(o)     "Settlement" means the settlement contemplated by this Stipulation.

## CLASS CERTIFICATION

2.     Solely for purposes of the Settlement, SCOR stipulates and agrees to: (a) certification of the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class; (b) appointment of Neil L. Sclater-Booth as Class Representative; and (c) appointment of Co-Lead Counsel for the Class as Class Counsel.

## SCOPE AND EFFECT OF SETTLEMENT

3.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Settled Claims as against all Released Parties and any and all Settled Defendant's Claims.

4.     (a)     Upon the Effective Date of this Settlement, Plaintiff and members of the Class on behalf of themselves, their legal representatives, heirs, executors, administrators, successors and assigns, shall, with respect to each and every Settled Claim, release and forever

discharge, and shall forever be enjoined from prosecuting, any Settled Claims against any of the Released Parties.

(b) Upon the Effective Date of this Settlement, SCOR, on behalf of itself and the Released Parties, and their legal representatives, heirs, executors, successors, and assigns, shall release and forever discharge each and every of the Settled Defendant's Claims, and shall forever be enjoined from prosecuting the Settled Defendant's Claims against Plaintiff, all Class Members, and their counsel.

## THE SETTLEMENT

5. On May 10, 2007 SCOR announced that it had agreed to increase the Offer Price by 7.9%. SCOR acknowledges that the pendency of the Converium Action and this Action was a factor it considered in making its decision to increase the Offer Price.

6. The parties shall confer and agree on reasonable confirmatory discovery to be conducted by Co-Lead Counsel for the Class to confirm that the terms of the Settlement are fair, adequate, and reasonable to the Class. Co-Lead Counsel for the Class shall conduct the confirmatory discovery as agreed by the parties at the earliest practical time following execution of this Stipulation.

## ATTORNEYS' FEES AND EXPENSES

7. Co-Lead Counsel for the Class will apply to the Court for an award of attorneys' fees not to exceed $500,000 and reimbursement of expenses incurred in connection with the Settlement not to exceed $50,000. The attorneys' fees and reimbursement of expenses awarded by the Court shall be paid by SCOR.

8. The award of attorneys' fees and/or expenses is not a necessary term of this Stipulation and it is not a condition of this Stipulation that attorneys' fees and/or expenses in any

amount be approved. Any application for attorneys' fees and/or expenses may be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and no orders or proceedings relating to any such application, including any appeal from or reversal or modification of any such order, shall operate to terminate or cancel the Stipulation or affect or delay the finality of the Order and Final Judgment.

9. Co-Lead Counsel for the Class represent that no portion of any award of attorneys' fees or reimbursement of expenses will be paid to Plaintiff or to any Class Member. Any award of attorneys' fees and/or expenses is not intended by the parties to represent any payment to Plaintiff or any Class Member subject to the equal price provisions of Swiss takeover law. Treatment by the Swiss Takeover Board of any award of attorneys' fees and/or expenses as being subject to the equal price provisions of Swiss takeover law shall render the Settlement null and void.

## APPLICATION FOR ORDER FOR NOTICE AND HEARING

10. Promptly after Co-Lead Counsel for the Class has completed the confirmatory discovery contemplated by paragraph 6 above, and provided Plaintiff has not elected to terminate the Settlement and this Stipulation pursuant to paragraph 13 below, the parties shall apply to the Court for preliminary Court approval of the Settlement contemplated by this Stipulation and for entry of an Order for Notice and Hearing substantially in the form to be agreed between Co-Lead Counsel for the Class and SCOR's Counsel as set forth in paragraph 1(j) above.

## TERMS OF ORDER AND FINAL JUDGMENT

11. If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the parties shall request that the Court enter an Order and Final Judgment

substantially in the form to be agreed between Co-Lead Counsel for the Class and SCOR's Counsel as set forth in paragraph 1(i) above.

### EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

12. The "Effective Date" of Settlement shall be the date when all the following shall have occurred:

(a) approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(b) entry by the Court of an Order and Final Judgment, substantially in the form to be agreed between Co-Lead Counsel for the Class and SCOR's Counsel as set forth in paragraph 1(i) above, and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the parties hereto elect to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

13. SCOR or Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice of its or his election to do so ("Termination Notice") to the other party hereto within thirty (30) days of: (a) the Court's declining to enter the Order for Notice and Hearing in any material respect; (b) the Court's refusal to approve this Stipulation or any material part of it; (c) the Court's declining to enter the Order and Final Judgment in any material respect; (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (e) the date upon which

an Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Plaintiff shall also have the right to terminate the Settlement and this Stipulation by providing a Termination Notice to SCOR promptly following completion of confirmatory discovery by Co-Lead Counsel for the Class if that discovery causes Co-Lead Counsel for the Class reasonably to conclude that the terms of the Settlement are not fair, adequate, and reasonable to the Class.

14. Except as otherwise provided herein, in the event the Settlement is terminated or fails to become effective for any reason, then the parties to this Stipulation shall be deemed to have reverted to their respective status in the Action as of the date and time immediately prior to the execution of this Stipulation and, except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered.

## NO ADMISSION OF WRONGDOING

15. This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a) shall not be offered or received against SCOR as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by SCOR with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of SCOR;

(b) shall not be offered or received against SCOR as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by SCOR;

(c) shall not be offered or received against SCOR as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against SCOR in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, SCOR may refer to it to effectuate the liability protection granted it hereunder;

(d) shall not be construed against SCOR as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by SCOR have any merit.

## MISCELLANEOUS PROVISIONS

16. The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties with respect to the Settled Claims. Accordingly, Plaintiff and SCOR agree not to assert in any forum that the litigation was brought by Plaintiff or defended by SCOR in bad faith or without a reasonable basis. The parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action. The parties agree that the terms of the Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

17. This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all parties hereto or their successors-in-interest.

18. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

19. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Co-Lead Counsel for the Class and enforcing the terms of this Stipulation.

20. The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

21. This Stipulation constitutes the entire agreement among the parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation other than those contained and memorialized herein.

22. This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Stipulation shall exchange among themselves original signed counterparts.

23. This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

24. The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of

New York without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

25.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

26.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

27.     Co-Lead Counsel for the Class and SCOR's Counsel agree to cooperate fully with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

[signatures on following page]

Dated: May 25, 2007

                          **WEISS & LURIE**

By: *Joseph H. Weiss* / WITH PERMISSION BY BRIAN D. LONG
       Joseph H. Weiss (JW-4534)
       Jack I. Zwick (JZ-2514)
       551 Fifth Avenue
       New York, New York 10176
       (212) 682-3025

**RIGRODSKY & LONG, PA.**
Seth D. Rigrodsky (SR-9430)
Brian D. Long
919 N. Market Street, Suite 980
Wilmington, DE 19803
(302) 295-5310

*Attorneys for Plaintiff Neil L. Sclater-Booth*

**SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP**

By: _____
     Joseph N. Sacca (JS-9435)
     Four Times Square
     New York, New York 10036
     (212) 735-3000

*Attorneys for Defendant SCOR S.A.*

16

Dated: May 24, 2007

                        **WEISS & LURIE**

By: _____

Joseph H. Weiss (JW-4534)
Jack I. Zwick (JZ-2514)
551 Fifth Avenue
New York, New York 10176
(212) 682-3025

**RIGRODSKY & LONG, PA.**
Seth D. Rigrodsky (SR-9430)
Brian D. Long
919 N. Market Street, Suite 980
Wilmington, DE 19803
(302) 295-5310

*Attorneys for Plaintiff Neil L. Sclater-Booth*

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

By: _____

Joseph N. Sacca (JS-9435)
Four Times Square
New York, New York 10036
(212) 735-3000

*Attorneys for Defendant SCOR S.A.*

16