UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
                                          ┌──────────────────────────────┐
NEIL L. SCLATER-BOOTH, Individually    )  │ USDC SDNY                    │
and On Behalf of All Others Similarly  )  │ DOCUMENT                     │
Situated,                              )  │ ELECTRONICALLY FILED         │
                                       )  │ DOC #: _____               │
                                       )  │ DATE FILED: 2/8/08           │
            Plaintiff,                 )  └──────────────────────────────┘
                                       )
                                       )   Civil Action No. 07-CV-3476 (GEL)
      v.                               )
                                       )
SCOR, S.A., and PATINEX AG,            )
                                       )
            Defendants.                )
```

## [~~PROPOSED~~] ORDER AND FINAL JUDGMENT[1]

A Hearing having been held before this Court on February 8, 2008, pursuant to this Court's Order dated November 13, 2007 (the "Scheduling Order"), upon a Stipulation and Agreement of Settlement (the "Stipulation") filed in the above-captioned action (the "Action"), which is incorporated herein by reference; it appearing that due notice of said hearing has been given in accordance with the aforesaid Scheduling Order; the respective parties having appeared by their attorneys of record; the Court having heard and considered evidence in support of the proposed settlement (the "Settlement") set forth in the Stipulation; the attorneys for the respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Scheduling Order; the Court having determined that notice to the Class was adequate and sufficient; and the entire matter of the proposed Settlement having been heard and considered by the Court:

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Stipulation and Agreement of Settlement dated May 25, 2007.

**IT IS ORDERED, ADJUDGED, AND DECREED THIS DAY OF** <u>Feb. 8</u> **2008, AS FOLLOWS:**

1. In full compliance with Fed. R. Civ. P. 23 and the requirements of due process, on December 5, 2007, SCOR mailed the Notice of Pendency of Class Action, Proposed Settlement of Class Action, Settlement Hearing, and Right to Appear (the "Notice") by first-class mail to the members of the Class who were United States persons holding shares of Converium Holdings AG ("Converium") and holders of Converium's American Depository Shares as shown on the stock records maintained by or on behalf of Converium.

2. Each of the provisions of Fed. R. Civ. P. 23(a) has been satisfied and the Action has been properly maintained according to the provisions of Fed. R. Civ. P. 23(b) with respect to the claims asserted on behalf of the Class. Specifically, based on the record of the Action, this Court expressly and conclusively finds and orders that: (a) the Class, as defined in the Scheduling Order, was so numerous that joinder of all members was impracticable; (b) there were questions of law or fact common to the Class; (c) the claims or defenses of the representative Plaintiff in the Action were typical of the claims or defenses of the Class; (d) the representative Plaintiff in the Action and his counsel have fairly and adequately protected and represented the interests of the Class; and (e) the requirements of Fed. R. Civ. P. 23(b)(1) and (2) have been satisfied. The Action is certified as a class action, pursuant to Fed. R. Civ. P. 23(a), 23(b)(1) and 23(b)(2), with no opt-out rights on behalf of the Class, which is a class consisting of all United States Persons who held shares of Converium or holders of Converium's American Depository Shares including the legal representatives, heirs, successors in interest, transferees or

assigns of all such holders, immediate or remote, in each case solely in their capacities as public shareholders of Converium common stock. Excluded from the Class are Defendants and their affiliates, successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate or remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them.

3.  Due and adequate notice of the proceedings having been provided to the members of the Class and the shareholders of Converium common stock, and a full opportunity having been offered to them to participate in this Hearing, it is hereby determined that they are bound by the Order and Final Judgment entered herein.

4.  The Stipulation and the terms of the Settlement as described in the Stipulation and the Notice are hereby approved and confirmed as being fair, reasonable, adequate, and in the best interests of the Class; the parties to the Stipulation are directed hereby to consummate the Settlement in accordance with the terms and conditions set forth in the Stipulation; and the Clerk of Court is directed to enter and docket this Order and Final Judgment in the Action.

5.  Plaintiff's claims asserted in the Action on behalf of the Class against all Defendants shall be dismissed on the merits with prejudice against Plaintiff and all members of the Class, without costs, except as provided herein. All claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, injunctions, fees, expenses, costs, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or un-matured, that have been, could

have been or in the future can or might be asserted in the Action or in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal or state statutory or common law relating to alleged fraud, fraudulent inducement, breach of any duty, negligence, violations of the federal securities laws or otherwise) by or on behalf of any member of the Class, whether individual, class, derivative, representative, legal, equitable or any other type or in any other capacity against SCOR, its past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, attorneys, advisors, and investment advisors, auditors, accountants, insurers, and any person, firm, trust, corporation, officer, director or other individual or entity in which SCOR has a controlling interest or which is related to or affiliated with SCOR, and the legal representatives, heirs, successors in interest or assigns of SCOR, and Patinex, its past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, attorneys, advisors, and investment advisors, auditors, accountants, insurers, and any person, firm, trust, corporation, officer, director or other individual or entity in which Patinex has a controlling interest or which is related to or affiliated with Patinex, and the legal representatives, heirs, successors in interest or assigns of Patinex (collectively, the "Released Parties"), whether or not any such Released Parties were named, served with process or appeared in the Action, including without limitation all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses of liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity,

matured or un-matured, whether class or individual in nature, including both known claims and unknown claims, (i) that have been asserted in this Action by the Class Members or any of them against and of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of, are related to, or are based upon in any way, either directly or indirectly, in part or in whole, any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Class Action Complaint (collectively, the "Settled Claims"); and all claims, debts, demands, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown claims, that have or could have been asserted in the Action or any forum by SCOR or its legal representatives, heirs, executors, successors, and assigns against the Plaintiff, Class Members and/or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement) (the "Settled Defendants' Claims").

6.     Plaintiff and each of the Class Members shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Settled Claims and any Settled Claims which any of Plaintiff and any other member of the Class do not know or suspect to exist in their favor at the time of their release of the Released Persons which, if known by them, might have affected their settlement with and release of the Released Persons, or might have affected their decision not to object to this Settlement. With respect to any and all Settled Claims, the parties stipulate and agree that Plaintiff shall expressly, and each of the members of

the Class shall be deemed to have, and by operation of this Order and Final Judgment shall have, expressly waived, to the extent permissible by law, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiff and each of the Class Members shall also be deemed to have waived, and by operation of this Order and Final Judgment shall have waived, to the extent permissible by law, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable or equivalent to California Civil Code § 1542. Plaintiff and members of the Class may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Settled Claims, but Plaintiff shall expressly and each Class Member shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever settled and released any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The parties acknowledge, and the members of the Class shall be deemed by operation of this Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

7. Defendants shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' claims against Plaintiff, all Class Members, and their counsel.

8. Plaintiff and the members of the Class are hereby, individually and severally, permanently barred and enjoined from instituting, commencing, prosecuting, participating in or continuing any action or other proceeding in any court or tribunal of this or any other jurisdiction, either directly, representatively, derivatively or in any other capacity, against any of the Released Persons, based upon, arising out of, or in any way related to or for the purpose of enforcing any Settled Claim, all of which Settled Claims are hereby declared to be compromised, settled, released, dismissed with prejudice and extinguished by virtue of the proceedings in the Action and this Order and Final Judgment.

9. The attorneys for Plaintiff are awarded attorneys' fees and expenses in the amount of $547,473.13, which sum the Court finds to be fair and reasonable, to be paid solely by SCOR in accordance with the terms of the Stipulation. The award fees and expenses shall be paid to co-lead counsel ten (10) business days after the entry of this Order.

10. This Order and Final Judgment shall not constitute any evidence or admission by any of Defendants hereto or any other person that any acts of negligence or wrongdoing of any nature have been committed and shall not be deemed to create any inference that there is any liability therefore.

11.  The effectiveness of the provisions of this Order and Final Judgment and the obligations of Plaintiff and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiff's counsel's application for an award of attorneys' fees and expenses.

12.  Without affecting the finality of this Order and Final Judgment, jurisdiction is hereby retained by this Court for the purpose of protecting and implementing the Stipulation and the terms of this Order and Final Judgment, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Stipulation, and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order and Final Judgment.

_____
Gerard E. Lynch, U.S.D.J.